UTICA MUTUAL INSURANCE COMPANY, Respondent, v. PAUL MANCINI & SONS, Appellant.

Fourth Department, October 30, 1959.

*Hubbard, Felt & Fuller* (*Eugene P. Hubbard* of counsel), for appellant.

*Tucker & Bisselle* (*Morgan F. Bisselle* and *William Evans, III*, of counsel), for respondent.

Bastow, J.   The amended complaint in this action has been challenged for legal sufficiency.   Plaintiff had issued a policy under the provisions of the Workmen's Compensation Law to A. J. Eckert Company, Inc., which had a subcontract with the general contractor for work and materials in connection with plumbing installations during the course of construction of an office building.   It is alleged in the pleading that defendant opened a trench so that the subcontractor could install water mains.   Thereafter one Hitchens, an employee of the Eckert Company, while working in the trench was injured when the walls collapsed.   Plaintiff's monetary claim is based upon the assignment by operation of law of the cause of action of Hitchens against the defendant.

The pleading contains no allegation of freedom from contributory negligence on the part of Hitchens and the sole charge of negligence is the claimed failure of defendant to shore up the trench pursuant to section 241 of the Labor Law and the Rules of the Board of Standards and Appeals thereunder. Special Term concluded that this stated a good cause of action and denied the motion to dismiss.   We are unable to agree with this conclusion.

At the outset it should be stated that the first five subdivisions of section 241 of the Labor Law contain substantive provisions dealing with the erection of buildings.   There is no claim here, however, that any of these provisions are applicable to the facts in this case.   The gravamen of plaintiff's action is failure to shore up the trench and the requirements therefor are found

only in the rules of the board. Subdivision 6 grants to the Board of Standards and Appeals the power to make rules to provide for the protection of workmen in connection with, among other things, the work of constructing buildings "and the owners and contractors for such work shall comply therewith." (Cf. *Komar v. Dun & Bradstreet Co.*, 284 App. Div. 538.)

Thus, the issue is presented as to whether or not a legally sufficient cause of action is alleged when it appears upon the face of the complaint that the alleged violation is of subdivision 6 of section 241 and the rules applicable thereto as made by the Board of Standards and Appeals. We think not. This subdivision consists solely of a delegation of power. It contains no substantive requirements or prohibitions. The subdivision may be implemented only by an examination of the applicable rules. While owners and contractors are mandated to comply with the rules there is a clear line of demarcation between the legal effect of a violation of such a rule and a violation of a substantive provision of the statute.

Thus in *Schumer v. Caplin* (241 N. Y. 346) the trial court charged that the defendant's violation of a rule of the Industrial Commissioner concerning safety appliances for window cleaners constituted negligence as a matter of law. A section of the Labor Law (then § 51-a, subd. 5) provided that (p. 350) " The rules and regulations of the Commission shall have the force and effect of law and shall be enforced in the same manner as the provisions of this chapter." In reversing the court said (p. 351): " The violation of a statute under certain circumstances may of itself establish negligence. Not so, however, with a rule or ordinance. A legislative declaration that a rule has the force and effect of law does not make it so, if by that is meant that it is the equivalent of or equal to a legislative enactment." The court went on to say that " A correct charge in this respect would have been that the violation of this rule did not establish negligence *per se* but was simply some evidence of negligence which the jury could take into consideration with all the other evidence bearing on that subject."

Similarly, in *Teller v. Prospect Hgts. Hosp.* (280 N. Y. 456) the court considered section 202 of the Labor Law which then provided in general terms for safety devices for the protection of window cleaners and delegated to the Industrial Board rulemaking powers. The complaint alleged a violation of duty limited to the defendant's failure to provide certain specific safety devices. The court pointed out that the statute did not in terms provide for such devices and that it was necessary to look to the rules to ascertain what safety devices were

required. Holding that the complaint failed to state a cause of action the court said (p. 460): "Had the cause of action been based on negligence, violation of a statute might constitute negligence as a matter of law. [Citing cases.] Violation of a rule of the Industrial Board, however, constitutes merely some evidence which the jury may consider on the question of defendant's negligence, along with other evidence in the case which bears on that subject".

This court has recently restated this rule in a different context. (*Vallina* v. *Wright & Kremers,* 7 A D 2d 101, 109.) *Rufo* v. *Orlando* (309 N. Y. 345) relied on by plaintiff is distinguishable. There the principal question passed upon by the court related to the right of the defendant, who excavated the land for a foundation for stores, to recover over in a third-party action from plaintiff's employee, Northcrest Gardens, Inc., on the ground that the latter was in ownership, management and control of the premises. The court affirmed a dismissal·of the third-party complaint following a trial. In discussing this phase of the case the court did say (p. 350) that "The rules and regulations promulgated pursuant to section 241 of the Labor Law are designed to supplement and effectuate the legislative policy enunciated in that section." The court then referred to its holding in prior cases that the common-law rule of indemnification between passive and active tort-feasors was not applicable to one guilty of violating section 241 of the Labor Law and it was held that this special doctrine was applicable to a violation of rules adopted under section 241 as well as to a violation of the substantive provisions of the statute itself.

All of this, however, had no bearing upon the basic action the judgment in which was affirmed with a short comment (p. 349) on another contention of the defendant. In this connection it is interesting to note that the complaint in the basic action (Record on Appeal, 309 N. Y. 345, fols. 29–39) alleged plaintiff's freedom from contributory negligence and based plaintiff's claims of defendant's negligence upon various grounds of common-law negligence and defendant's failure "to comply with the pertinent laws, statutes and ordinances of the City and State of New York affecting such excavation work." The case was submitted to the jury upon a charge that enumerated the various claims of common-law negligence. The court however, specifically instructed the jury that "If the defendant con-·structed this excavation * * * contrary to the rules promulgated by the Industrial Board, then that fact may be considered by the jury together with the other evidence in the case as evidence of negligence."

Upon the facts here presented we further conclude that the defense of contributory negligence is available to the defendant and therefore freedom therefrom must be alleged and proved by the plaintiff. In this area where a defendant is charged with a violation of a statute, rule or ordinance the bases of liability fall into three general categories: (1) a statutory violation resulting in absolute liability without regard to negligence; (2) a statutory violation amounting to negligence per se and (3) a violation of a local ordinance or an administrative rule which is evidence of negligence. As to the first category the rule is now well established that "when the statute is designed to protect a definite class of persons from a hazard of definable orbit, which they themselves are incapable of avoiding, it is deemed to create a statutory cause of action and to impose a liability unrelated to questions of negligence." In such a case it was held "that both sound reason and persuasive decisions, involving statutes whose content and purpose are similar to those of section 240 [of the Labor Law], require the conclusion that that statute does not permit the worker's contributory negligence to be asserted as a defense." (*Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313, 317.)

But the court in the *Koenig* case was careful to point out (p. 317) that not every statute which commands or prohibits particular conduct is within the principle that a plaintiff's carelessness is no bar to his recovery under a statute which imposes liability regardless of negligence. The authority cited by the court (*Schmidt* v. *Merchants Despatch Transp. Co.*, 270 N. Y. 287) stated certain guiding principles. It was said (p. 305) that "The statute may in express terms give to an injured person a cause of action for such damages. Difficulty arises only where the statute does not, in express terms, make any provision for such a cause of action. Then the problem is whether such a provision should be implied. That depends, at least in great measure, upon whether the duty is imposed for the special benefit of a particular group or class of persons. Only in such case can it be said that the statute creates a liability *per se.*"

Thus, there is a clear distinction between the violation of a statute constituting negligence per se (cf. Prosser, Contributory Negligence as Defense to Violation of Statute, 32 Minn. L. R., 105, 111, 112) and the violation of a statutory duty imposed for the benefit of a particular group or class constituting liability per se. In the former contributory negligence is a defense and in the latter it is not.

It thus becomes clear that as to the violation of a local ordinance or rule of an administrative body, such as we have in this

case, the defense of contributory negligence is available to the defendant and freedom therefrom must be alleged and proved by the plaintiff. Whatever doubt may once have existed as to the wisdom of distinguishing between the violation of a statute and of an ordinance (*Martin* v. *Herzog,* 228 N. Y. 164, 169) has long since disappeared.

The order appealed from should be reversed on the law and the amended complaint dismissed with leave to serve a second amended complaint within 20 days after the entry and service of the order to be entered herein.

All concur. Present — KIMBALL, J. P., WILLIAMS, BASTOW, GOLDMAN and HALPERN, JJ.

Order reversed on the law, with $10 costs and disbursements, and motion granted, with $10 costs, with leave to serve a second amended complaint.