Francis J. Donovan, J.
In this small-claim proceeding plaintiff seeks the return of the purchase price of a used ear.
Plaintiff purchased from defendant a 1955 Pontiac for $300. It is conceded that she told defendant, and defendant understood, that the car was intended to be driven by her teen-age son.
Defendant wrote “ sold as junk ” on the bill of sale and the word “ junk ” on the top of the Motor Vehicle Department form MV-50.
Defendant conceded that he knew that neither plaintiff nor her son was in the junk business.
When plaintiff asked why defendant wrote “ junk” on the said documents, he told her it was because he had dropped the price from $400 to $300.
Section 417 of the Vehicle and Traffic Law, prior to amendment by chapter 608 of the Laws of 1962 and as herein applicable, provided: “ Upon the sale or transfer of title, by a dealer in second hand motor vehicles, of any such motor vehicle, *637 intended for use by the buyer, his agent or representative upon the public highways, the vendor shall execute and deliver to the vendee an instrument * * * certifying that said motor vehicle complies with the requirements of section three hundred seventy-five of this chapter and that it is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery.”
Defendant failed to deliver such a certificate. The vehicle he delivered could not be registered for use nor could it in fact be used safely on the public highways. He also stated that he made a substantial number of similar “ junk ” sales.
Section 417 of the Vehicle and Traffic Law requires that the certificate be executed and that the car be as represented by the certificate.
To permit a used car dealer to evade his statutory duty by writing the word “ junk ” across the face of the documents of sale when he knows the buyer intends the car for use on the highways would be subversive of the public policy of the State of New York (Wilson v. Manhasset Ford, 27 Misc 2d 154).
The warranty created by section 417 of the Vehicle and Traffic Law cannot be waived. That warranty was breached by the defendant. (Cf. Winsey v. Spitzer Motor Sales, 12 Misc 2d 56.)
Plaintiff shall have judgment for the sum of $300, with $2 costs.