GARY DEAN, an Infant, by KERMIT L. DEAN, His Parent, et al., Respondents, v. CONSTANCE L. BAUMANN et al., Appellants.

Third Department, May 25, 1972.

*Thaler & Thaler* (*Richard B. Thaler* of counsel), for appellants.

*Mazza, Williamson & Clune* (*Robert I. Williamson* and *Robert J. Clune* of counsel), for respondents.

SWEENEY, J. This is an appeal from a judgment of the Supreme Court in favor of plaintiffs, entered May 18, 1970 in Tompkins County, upon a verdict rendered at a Trial Term and from an order of that court, entered August 3, 1970, which denied defendants' motion to set aside the verdict.

On September 9, 1963 the plaintiff, Gary Dean, age 16, sustained injuries when he was hit by an automobile being operated by defendant Baumann in a southerly direction on New York State Route 34. The automobile was owned by the defendant Cornell University. Just prior to the accident, the infant plaintiff had alighted from a school bus in front of his home which was located on the easterly side of the highway. The uncontroverted testimony is that at the time of the accident the school bus was stopped in the south bound lane facing south, when the defendant's vehicle passed the bus and struck the plaintiff. There is conflicting testimony as to whether the red flashing light on the bus, required by statute, was operating at the time.

The trial court charged the jury on common-law liability, and, in addition, charged in substance that if they found that defendant Baumann violated subdivision (a) of section 1174 of the Vehicle and Traffic Law, and such violation was the proximate cause of the accident, "then your verdict will be in favor of plaintiff and against these defendants, irrespective of what the boy did". To this charge of absolute liability the defendants duly excepted. The colloquy between the court and the foreman of the jury after the verdict had been rendered clearly demonstrates that the jury based its decision on the theory of absolute liability as charged by the court.

The Court of Appeals has already determined that absolute liability is imposed on a bus driver who violates subdivision (b) of section 1174 of the Vehicle and Traffic Law. (*Van Gaasbeck* v. *Webatuck Cent. School Dist.*, 21 N Y 2d 239.) In this recent case a verdict of no cause of action against the defendant motorist who struck the child was affirmed. Under the facts of the *Van Gaasbeck* case, however, there was no violation of subdivision (a) of section 1174 by the operator of that automobile since he did not pass a stopped school bus.

The violation of every statute does not *ipso facto* give rise to absolute liability. It is only when the statute is designed to protect a particular class of persons who are incapable of protecting themselves against a defined hazard that it is deemed to create absolute liability. (*Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313, 317.) As stated in *Van Gaasbeck* (21 N Y 2d 244–245, *supra*), "There can be no doubt that the statute [subdivision (b) of section 1174] was designed for the protection of a definite class — school children who ride school buses." The primary issue for our determination on

this appeal, therefore, is whether a violation of subdivision (a) of this section also imposes absolute liability. We conclude that it does. Subdivision (a) provides: " The driver of a vehicle * * * upon meeting or overtaking from either direction any school bus * * * which has stopped on the highway for the purpose of receiving or discharging any school children shall stop the vehicle before reaching such school bus when there is in operation on said school bus a red visual signal * * * and said driver shall not proceed until such school bus resumes motion, or until signaled by the driver or a police officer to proceed."

It is clear that the overriding purpose of section 1174 is to assure the safe transportation to and from school of the ever increasing number of school bus riders who are not always alert to the dangers of crossing the highway. The statute should be construed liberally toward the accomplishment of that purpose. (*Quigley* v. *Thatcher,* 207 N. Y. 66, 68.) The duty imposed on the bus driver, in and of itself, even if strictly performed, does not assure full protection to the school children. The purpose of the statute could be completely frustrated by the operator of a vehicle who disregards the proscriptions of subdivision (a). In our opinion, the language of subdivision (a) is no less a forceful expression of " flat and unvarying duty " (see *Koenig* v. *Patrick Constr. Corp.,* 298 N. Y., at p. 318) when imposed upon the driver of a vehicle who meets or overtakes a stopped school bus than is the language of subdivision (b) in imposing absolute liability on the bus driver. Moreover, the rules of statutory construction dictate that the conclusion reached in the *Van Gaasbeck* case (21 N Y 2d 239, *supra*) as to subdivision (b) also applies as to subdivision (a). (McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 97, 98.)

We have examined the other issues raised by defendants, including excessiveness, and find no merit in them.

The judgment and order should be affirmed, with costs.

SIMONS, J. (dissenting). A school bus driver may control where his vehicle stops, when the warning lights will be activated, and when to discharge his passengers. These are valid reasons for extending absolute liability against school defendants and in favor of a child injured by the driver's violation of subdivision (b) of section 1174 of the Vehicle and Traffic Law. By way of contrast, an oncoming motorist controls only his own car. There is no reason why he should be absolutely liable for violating subdivision (a) of section 1174 more

than for injuring a child while speeding or entering an intersection in violation of a statute. If the rule of the *Van Gaasbeck* case (21 N Y 2d 239) is to be extended to the facts of this case, it should be done by the Court of Appeals.

I would reverse and remand for a new trial.

HERLIHY, P. J., STALEY, JR., and GREENBLOTT, JJ., concur with SWEENEY, J.; SIMONS, J., dissents and votes to reverse in a memorandum.

Judgment and order affirmed, with costs.