RICHARD PIERCE, Appellant, v INTERNATIONAL HARVESTER COMPANY, Respondent.

Fourth Department, February 17, 1978

256

APPEARANCES OF COUNSEL

*Goldbas & Goldbas (Kernan & Kernan, P. C.,* by *Earle Bastow,* of counsel), for appellant.

*MacKenzie Smith Lewis Michell & Hughes (John F. Lawton* of counsel), for respondents.

## OPINION OF THE COURT

WITMER, J.

Following a verdict of no cause for action in this action to recover damages for personal injuries, the trial court entered judgment dismissing the complaint. Plaintiff appeals, assigning reversible error to the court's refusal to charge the jury, as requested, that if they should find that defendant violated

section 417 of the Vehicle and Traffic Law and that such violation was a proximate cause of plaintiff's injuries, they should render a verdict for plaintiff regardless of whether plaintiff was guilty of contributory negligence.

This case arose from the sale in May, 1973 by defendant, a retail dealer in motor vehicles, to plaintiff of a used 1967 Ford tractor motor vehicle for use in hauling large trailers in the transportation business. Plaintiff testified that defendant's salesman assured him on or about May 29, 1973 that the vehicle had been inspected and was in good condition for use for plaintiff's purposes, and that upon completion of the purchase defendant delivered to plaintiff, as required by section 417 of the Vehicle and Traffic Law, a certificate that the vehicle had been duly inspected on May 24, 1973 and "complied with equipment requirements of the Commissioner's Regulations and such equipment was in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery."

Plaintiff accepted delivery of this used vehicle upon that basis. Five or six weeks later, on July 6, 1973, while using the vehicle for its intended purpose, there is evidence that the brakes failed to hold, so that plaintiff lost control of it; and it left the highway and crashed, resulting in serious personal injury to him, including the loss of a foot, as well as medical expenses, property damage and loss of earning capacity.

Upon the trial there was substantial evidence on behalf of plaintiff to support his contention that at the time of the accident he was operating the vehicle in a reasonable manner and that the accident occurred because the brakes did not hold; that an inspection of the vehicle after the accident showed that the air hose brake lines were in a frayed and deteriorated condition in several areas, and had been so for a long time, as evidenced by a paint job and the opinion of expert witnesses; the sealing mechanism for retention of axle oil lubricant was missing and there were oil and grease in, between and around the brake linings; and there was evidence that such conditions reduced the stopping power of the brakes by at least 50%.

Very significant was the testimony of Edward Maszczak, a mechanic and licensed New York State Inspector employed by defendant, that defendant's record of its inspection of this vehicle incorrectly contained his name as the person who inspected it for defendant; and that he did not inspect the

vehicle. Moreover, defendant's branch manager testified that he assumed that Maszczak had inspected the vehicle, and he had no knowledge that any other licensed inspector had inspected it. He acknowledged that the defendant was required by law to inspect the vehicle and certify to the plaintiff as purchaser of this vehicle that it was in proper condition for use on the highways, and that such certificate was issued to plaintiff on delivery of the tractor to him. There was also evidence that another employee, "a low utilityman mechanic", not licensed to inspect vehicles, did inspect this vehicle for the purpose of ascertaining what work was needed to be done on it, preliminary to repairing it for inspection by a certified inspector before resale. There was no evidence that such later inspection was done before sale and delivery of the truck to plaintiff.

Section 417 of the Vehicle and Traffic Law provides in part as follows: "Upon the sale or transfer of title by a retail dealer of any second hand motor vehicle, intended for use by the buyer, his agent or representative upon the public highways, the vendor shall execute and deliver to the vendee an instrument in writing, in a form prescribed by the commissioner * * * [describing the vehicle] * * * and the date of delivery to the vendee. Such notice shall also contain a certification that said motor vehicle complies with such requirements of this chapter as shall be specified by the commissioner *and that it is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery.*

"The * * * delivery of a false certificate knowing the same to be false or misleading or without making an appropriate inspection to determine whether the contents of such certificate are true shall constitute a violation of this section. The delivery of a false certificate shall raise presumption that such certificate was issued without an appropriate inspection" (emphasis added).

The regulations promulgated by the commissioner pursuant to that section provide that a retail dealer of secondhand motor vehicles, licensed to operate an official inspection station, shall employ at least one certified motor vehicle inspector to perform the services required thereunder, and they specify the manner of making such inspections (see 15 NYCRR 79.8).

Plaintiff's evidence showed that defendant not only failed to

inspect this vehicle as required by the statute but that the certificate of inspection issued to him misrepresented the true facts, rendering the certificate false. Therefore, by the express terms of section 417 of the Vehicle and Traffic Law, plaintiff's evidence raised a presumption that such a certificate was issued without appropriate inspection, and that defendant violated that statute. Defendant did not rebut the presumption.

■ The violation of a statute, ordinance or regulation may have diverse consequences. Violation of an ordinance or regulation may be only evidence of negligence, whereas violation of a statute constitutes negligence per se *(Major v Waverly & Ogden,* 7 NY2d 332, 336; *Martin v Herzog,* 228 NY 164; *Utica Mut. Ins. Co. v Mancini & Sons,* 9 AD2d 116, 120; 1 NY PJI2d 150-158). Plaintiff's reliance on defendant's violation of the regulations was only for the evidentiary purpose of showing the falsity of the certificate issued by defendant to plaintiff. Because of defendant's violation of section 417 of the Vehicle and Traffic Law, however, plaintiff contends that defendant was guilty of negligence per se in causing plaintiff's injuries. If such violation was the proximate cause of the accident, plaintiff is correct *(Martin v Herzog, supra).*

■ Plaintiff goes further, however, and contends that section 417 of the Vehicle and Traffic Law was enacted for the special benefit of buyers of used motor vehicles and that, therefore, his contributory negligence, if any, is not a defense to this action. In accordance with that contention, plaintiff requested the Trial Justice to charge the jury that if they found that defendant's violation of section 417 of the Vehicle and Traffic Law was a proximate cause of the accident, they should render a verdict for plaintiff against defendant regardless of plaintiff's contributory negligence. The court declined to take the question of contributory negligence out of the case. Plaintiff argues that the ruling was erroneous and that, therefore, he is entitled to a reversal and a new trial. We agree.

The legislative history of section 417 of the Vehicle and Traffic Law (L 1954, ch 86) shows that the Counsel and Deputy Commissioner of Motor Vehicles made the following statement in urging its enactment (NY Legis Ann., 1954, pp 263-264): "This measure, if enacted into law, will serve to more adequately protect the purchaser of a motor vehicle from buying a vehicle which is not equipped as required by Section 15 * * *. It is a matter of common knowledge that many persons

buy motor vehicles without having the time or facilities available to adequately check all of the equipment of the motor vehicles, while the dealer is generally in a position to do so. *This measure is primarily designed to protect the purchasers from being sold an improperly equipped or defective vehicle.* However, it is also one which would greatly contribute to the safety of the motoring public, by reducing the possibility of defective vehicles being sold for operation upon the highways" (emphasis added).

■ Thus, the statute was designed in part to protect the public in general, as to whom contributory negligence would be a defense; but it was specifically designed to protect, as a class, purchasers of used motor vehicles, and as to such persons contributory negligence is not a defense. In this respect the statute may be likened to those enacted for the protection of working men, of school children, and of others deemed by the Legislature to be in need of special protection *(Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239; *Koenig v Patrick Constr. Corp.,* 298 NY 313, 318; *Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287, 303-306; *Dean v Baumann,* 39 AD2d 138, affd 32 NY2d 756; *New York State Thruway Auth. v Maislin Bros. Transp.,* 35 AD2d 301; *Dashinsky v Santjer,* 32 AD2d 382, 387; *Daggett v Keshner,* 284 App Div 733; *Sickles v Montgomery Ward & Co.,* 6 Misc 2d 1000; and see *Moyer v Lo Jim Cafe,* 19 AD2d 523, affd on other grounds 14 NY2d 792; *Henningsen v Markowitz,* 132 Misc 547).

The position of defendant, apparently accepted by the Trial Justice, is that because motor vehicle inspections under section 417 of article 16 of the Vehicle and Traffic Law, as implemented by section 15 NYCRR 78.13 and related rules, are similar to inspections required under article 5 (§ 301 *et seq.),* as implemented by section 15 NYCRR 79.1 *et seq.,* the same principles of liability follow their violation. Part of the argument is that since a garage inspection under article 5 is done for a minimal fee, it is unreasonable to hold that its negligent performance can result in absolute liability for resulting damages, and hence a negligent inspection or false certificate thereof under section 417 of article 16 of the Vehicle and Traffic Law should carry no greater liability.

We think that such argument is fallacious. Inspections and certificates thereof under section 417 are made with respect to used vehicles sold to the unsuspecting public. They constitute

a warranty of the condition of the vehicle. For the protection of buyers of such vehicles the Legislature enacted section 417; and such buyers constitute a special class to be benefited, as above noted, as opposed to the general benefit only, which article 5 is designed to confer upon the public.

Since the evidence established defendant's violation of section 417 of the Vehicle and Traffic Law, the only remaining issues are whether the violation was a proximate cause of the accident, and, if so, the amount of plaintiff's damages.

The judgment should, therefore, be reversed, the pleadings reinstated, and the plaintiff granted a new trial upon the questions of proximate cause and damages.

MARSH P. J., MOULE, CARDAMONE and DENMAN, JJ., concur.

Judgment unanimously reversed, on the law and facts, with costs, and new trial granted.