■ In the Matter of HENRY W. REYNDERS et al., Petitioners, v JOHN J. CONWAY, as Justice of the Supreme Court, et al., Respondents.—Application unanimously denied and proceeding dismissed, without costs. Memorandum: Petitioners were taxpayers of the City of Rochester during the tax years 1974-1975 and 1977-1978. They paid taxes unlawfully assessed and collected against their real property for these years under protest (see *Waldert v City of Rochester,* 44 NY2d 831, app dsmd 439 US 922; *Angelone v City of Rochester,* 72 AD2d 445). Petitioner Reynders instituted an action against the city to recover the overpayments and petitioners Sercu have attempted to do so, but the city refuses to accept process. While Reynders' action (and 34 others) was pending and while the appeal in *Angelone (supra)* was pending, the City of Rochester instituted a class action entitled "City of Rochester v Angelo Chiarella, Real Estate Board of Rochester, New York, Inc., and Midtown Holding Corp., each individually and on behalf of others similarly situated and collectively on behalf of all payers of real property taxes to the City of Rochester, for the fiscal years 1974-1975 through 1977-1978." The class includes three different subgroups of taxpayers including those who, like petitioners, paid their taxes under protest. The obvious purpose of the litigation is to resolve the potential claims for tax refunds for the years in question which may be asserted by the approximately 70,000 city taxpayers. The city's action resulted in an order by respondent Justice Conway entered June 26, 1980 which provides: (a) that the class be conditionally and provisionally maintained as a class action pending final determination of the class, (b) that the class consists of all taxpayers in the city during the years 1974-1975 through 1977-1978, (c) that the class members be temporarily restrained from proceeding in this action until argument of an order to show cause returnable on July 10, 1980, (d) that defendants be stayed from commencing indi-

vidual actions until after the decision by the Court of Appeals in *Angelone v City of Rochester,* and (e) that notice of the stay be given to the class by publication. Petitioners bring this proceeding against the Justice signing the order and the Corporation Counsel of the City of Rochester pursuant to CPLR 7803 (subd 2). They seek an order prohibiting respondents from proceeding with the class action. The main thrust of their argument is that the city has unlawfully blocked their claims and that it is attempting to refund taxes to property owners other than those who paid under protest (see *Angelone v City of Rochester, supra).* CPLR article 9 provides a procedure whereby one or more members of a class may "sue or be sued" (CPLR 901, subd a). CPLR 902 gives the court the necessary broad powers to determine whether the action is to be maintained, including the authority to issue conditional orders and manage the procedural course of the litigation. Thus, the court clearly was proceeding within the jurisdiction granted under the statute in authorizing this class action. Any alleged infringement of petitioners' rights because of its order may be redressed within the action either by proceeding before the court or by appeal. Moreover, the court had the power to stay petitioners Sercu's action until the *Angelone* appeal was argued in the Court of Appeals (CPLR 2201; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2201, pp 3-10; see, also, CPLR 9907). Concededly, the stay in the class action does not apply to the Reynders' action which is subject to a separate stay. Finally, constitutionality of the city's refund ordinance may not be challenged in a CPLR article 78 proceeding (see *Matter of Friedman v Cuomo,* 39 NY2d 81, 83). (Article 78.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.