■ In the Matter of ANN-SON AUTO SALES, Petitioner, v COMMISSIONER OF THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Respondent. — Determination unanimously confirmed, without costs. Memorandum: In a proceeding transferred to this court pursuant to CPLR 7804 (subd [g]), petitioner seeks annulment of a determination by the Commissioner of Motor Vehicles which revoked petitioner's dealer's registration license and imposed a civil penalty of $500. Petitioner also argues that the punishment imposed was excessive. After a hearing, the Administrative Law Judge found petitioner guilty of two violations of 15 NYCRR 78.13 (b), together with a violation of the regulation governing the use of transporter's plates, and recommended the above punishment. Appeal was taken to the Administrative Appeals Board which, while not finding a misuse of transporter's plates, otherwise approved the findings and the punishment recommended by the Administrative Law Judge. The finding and recommendation of the Administrative Appeals Board were approved by the commissioner. Subdivision (b) of section 78.13 of the regulations requires that a dealer, on selling a secondhand motor vehicle to be used on the public highways of this State, deliver to the purchaser a certificate, known as a certificate of adequacy, which must state that the vehicle "is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery." The Administrative Law Judge found the first violation to be a failure to deliver the certificate of adequacy and the second violation to be that the vehicle sold was not in condition and repair to render, under normal use, satisfactory and adequate

service upon the public highway at the time of delivery. It is undisputed that petitioner did not deliver a certificate of adequacy for the car in question, but petitioner, noting that the MV-50 form delivered to the purchaser described the vehicle as junk, argues that the car was not sold for use on the public highway. Evidence to the contrary, however, is overwhelming. The car was sold to be used by one Michael Welch, a high school student. Both Welch and his stepfather, Richard Boisey, negotiated the purchase of the car, a 1972 model, on December 4, 1978 for $1,395. Because Welch's age presented financing problems, the MV-50 form was made out to Boisey. Boisey immediately transferred the car to Welch; Welch immediately registered the car and took possession of it; and almost as immediately he encountered mechanical difficulties. In addition to the testimony of Welch at the hearing, petitioner's representative admitted that he was the salesman; that he participated in arranging financing, including insurance on the car; arranged for its inspection; gave verbal warranties to Welch; and acknowledged that he knew the car was purchased for Welch. Such evidence is patently inconsistent with a sale of a car for junk and is clearly indicative of a deliberate attempt to circumvent the regulation and its parent statute, section 417 of the Vehicle and Traffic Law. Petitioner also contends that the Administrative Law Judge erred in: (1) allowing petitioner, a corporation, to be represented at the hearing by its officer and not by counsel, and (2) refusing to grant an adjournment when Boisey was not present at the hearing. On the first point, petitioner may not rely on CPLR 321 (subd [a]) which applies in civil actions and not to proceedings of this nature. Petitioner chose to proceed without counsel and without objection, and should not now be heard to say that it should not have been permitted to do what it chose to do. Nor does the refusal of the Administrative Law Judge to grant an adjournment because of the unavailability of Boisey require reversal. In light of the testimony of Welch and petitioner's salesman, we agree with the Judge's finding that Boisey's testimony would have been cumulative. Finally, we do not regard the punishment as excessive. Subdivision (b) of section 78.13 of the regulations is designed to protect not only the consumer but the general public as well *(Pierce v International Harvester Co., 61 AD2d 255)*. In view of the seriousness of the matter, the punishment is not so disproportionate to the offense as to shock one's sense of fairness *(Matter of Pell v Board of Educ., 34 NY2d 222)*. We have reviewed the other issues raised by petitioner and find them to be without merit. (Article 78 proceeding transferred by order of Onondaga Supreme Court, Hayes, J.) Present — Dillon, P.J., Simons, Hancock, Jr., Moule and Schnepp, JJ.