■ MERCHANTS ROAD, INC., Doing Business as MERCHANTS GRILL, Petitioner, v DELMAR E. LEACH, as Chief of Police of the Rochester Police Department, et al., Respondents. — Determination unanimously confirmed, without costs, and petition dismissed. Memorandum: Petitioner appeals from a determination of respondent chief of police which denied its application to renew an amusement center license associated with its bar, the Merchants Grill. The proceeding was transferred to this court pursuant to CPLR 7804 (subd [g]) because petitioner alleges that the determination was not based upon substantial evidence. Petitioner received notice that its license "may not be renewed" due to several incidents at the premises which violated the Rochester Code provisions requiring good order at the premises at all times, thereby invoking the authority of the chief of police to deny the license (see Rochester Code, § 29-4). Subsequently, two hearings were held at which most of the incidents mentioned in the notice were substantiated by witnesses and the owner of the bar. A review of the entire record discloses that respondent's determination is supported by substantial evidence and was not arbitrary or capricious (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Pelcher v City of Rochester,* 86 AD2d 749, mot for lv to app den 56 NY2d 505). Petitioner raises several additional points which it claims denied it due process, including: (1) that its

right to counsel was violated; (2) that it was not given notice of the reasons for the denial; and (3) that the witnesses were not sworn. Petitioner is not entitled to a quasi-judicial hearing, but is entitled to a fair opportunity to be heard on the allegations (*Carroll v Hastings*, 64 AD2d 843). Petitioner was given notice of the allegations against it, two hearings and an opportunity to cross-examine witnesses and to present its views. Therefore, it was given a fair opportunity to be heard prior to the revocation of its license (see *Matter of Roosevelt Taxi v Commissioner of Public Safety of City of Yonkers*, 24 AD2d 573). Although petitioner knew in advance that witnesses would be appearing, it failed to bring an attorney and never requested an adjournment of the hearing in order to retain counsel but, rather, expressly stated that it was ready to proceed (see *Matter of Ann-Son Auto Sales v Commissioner of Dept. of Motor Vehicles of State of N. Y.*, 83 AD2d 759). Furthermore, the prehearing notice adequately advised petitioner of the reasons for the denial and suffices to fulfill the requirement that petitioner be notified in writing of the reasons for the denial. Lastly, since a quasi-judicial hearing is not required, the witnesses did not have to be sworn (see *Matter of Aprile v Lo Grande*, 89 AD2d 563). Petitioner also raises questions concerning the constitutionality of the relevant ordinances. The constitutionality of legislative actions may not be addressed in CPLR article 78 proceedings; the appropriate remedy is an action for a declaratory judgment (*Matter of Overhill Bldg. Co. v Delany*, 28 NY2d 449, 458; *Matter of Reynders v Conway*, 79 AD2d 863). If we had the proper parties before us, we could address these issues by treating this action as a hybrid one for both article 78 and declaratory relief (*Matter of Montgomery Ward & Co. v New York State Dept. of Motor Vehicles*, 90 AD2d 643; *Matter of Heimbach v Mills*, 54 AD2d 982). In this proceeding, however, we do not have the proper parties before us and should not, therefore, address the constitutional issues (*Matter of Overhill Bldg. Co. v Delany*, 28 NY2d 449, 457-458, *supra;* cf. *Matter of Kovarsky v Housing & Dev. Admin. of City of N. Y.*, 31 NY2d 184, 193). (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Curran, J.) Present — Dillon, P. J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.