OPINION OF THE COURT
Frank M. Klinger, J.
The question presented is whether clearly visible language on a contract for sale of a used car by a retail dealer “as is — No warranty expressed or implied” may negate the statutory “warranty of serviceability” which now exists in New York State. Although there is relatively little case law on the subject, this warranty of sei viceability is rapidly becoming quite significant.
The defendant, a car dealership, sold a used car to the plaintiff. The vehicle purchase agreement states in bold letters, which are clearly visible “as is — No warranty expressed or implied.” Plaintiff claims that the heater-defroster never functioned properly.
Sections 2-313 through 2-315 of the Uniform Commercial Code govern express and implied warranties.
Section 2-316 of the Uniform Commercial Code states that “all implied warranties are excluded by expressions [such] ‘as is’ * * * or other language which in common understanding calls the buyer’s attention to the exclusion of warranties and makes plain that there is no implied warranty”.
*713 There is no question that under the Uniform Commercial Code and common law the language of this agreement is sufficient to exclude any implied or express warranty (no express warranty was here claimed).
The plaintiff, however, appearing pro se but with the aid of a booklet prepared by the New York State Consumer Affair’s Office, claims that notwithstanding the foregoing, New York State law gives consumers an additional protection as to used motor vehicles, this being the “warranty of serviceability”.
An analysis of State law, regulations and cases cited within said booklet reveals that the plaintiff’s contention is accurate.
Section 301 of the Vehicle and Traffic Law of the State of New York mandates inspection of brakes, steering, odometer, wheel alignment, lights and such other mechanisms as the commissioner may determine.
Section 417 of the Vehicle and Traffic Law requires that upon sale or transfer by a retail dealer, the dealer furnish to the customer a certificate indicating that the vehicle complies with requirements of that chapter and that “it is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery.” (See, also, 15 NYCRR 78.13 [b] to the same affect.)
15 NYCRR 78.13 (c) (9) goes on to require that “[a]ll 1964 and later model vehicles must be equipped with a front windshield defrosting device in good working order.”
In Rayhn v Martin Nemer Volkswagen Corp. (77 AD2d 394), the used car which was sold was improper in 11 major respects, including plugs, transmission, thermostat, alternator, brakes, fluids, and engine.
The Appellate Division, Third Department {supra, p 396), in granting complete recission of the contract to the plaintiff Rayhn, stated that: “The analysis of legislative intent in the Pierce case {supra) is thorough and a plain reading of section 417 supports the conclusion that the Legislature intended to impose an absolute responsibility upon the used vehicle dealers in this State to sell only motor vehicles in condition to render adequate and satis *714 factory service upon highways at the time of delivery. The statute does not provide for any contractual waiver or limitations upon the responsibility for a satisfactory operating condition” (emphasis added; see, also, Pierce v International Harvester Co., 61 AD2d 255; Maure v Fordham Motor Sales, 98 Misc 2d 979).
In Natale v Martin Volkswagen (92 Misc 2d 1046) an action in small claims was brought for breach of warranty in the sale of a used car. The plaintiff’s car was advertised as being “in good running condition” and the plaintiff claimed certain verbal warranties were made to her, but on the face of the order there was the hand-stamped legend “This car sold without any guarantee. This car sold in its present condition — as is”. The plaintiff however complained she had not signed the agreement with that legend and that it must have been .stamped in subsequent to her signature.
The court apparently without making a specific finding as to whom it believed as to the question of when the disclaimer was stamped on the instrument, noted that within a few days the plaintiff had to install new brakes, a new battery, a new alternator and a new starter, a short circuit in the electrical system had to be repaired, light bulbs had to be replaced and the car had to be towed off the road. The plaintiff’s expenses for the vehicle totaled $302.58. The amount paid to the defendant for the vehicle was $416 including tax.
The court granted judgment to the plaintiff Natale in the amount of $718.58 stating {supra, p 1050) that the “ ‘warranty of serviceability’ goes beyond the implied warranties of the Uniform Commercial Code. It is a statutory warranty that cannot be waived. (Dato v Vatland, 36 Misc 2d 636; Winsey v Spitzer Motor Sales, 12 Misc 2d 56.)” (See, also, McCormack v Lynn Imports, 114 Misc 2d 905; emphasis added.)
From this rather sparse case law on this subject which has been well cited by the plaintiff in her New York State Consumer Protection Board booklet, it nonetheless appears clear that while the Uniform Commercial Code, adopted nationally, no doubt intended that a retail dealer could limit all possible contractual liability by specifically *715 disclaiming any express or implied warranties and selling the vehicle “as is”, this is not now the law in New York State.
Former law and the apparent intent of the framers of the Uniform Commercial Code was that if one purchases a used car “as is”, one gets the car “as is” and one may not be heard to complain, at least in terms of contract, that the vehicle is not what the purchaser in retrospect feels it should have been. Thus, “as is” used to mean “as is”.
Now, however, the “warranty of serviceability” which has existed for some time is apparently recognized by the courts as something more than simply a restatement of the implied warranties of merchantability which can be excluded by “as is” clauses. Thus a sale of a used vehicle in New York State “as is” no longer means “as is” — but rather it now means “as it should be” under the Vehicle and Traffic Law and the commissioner’s regulations. Whether this be good or bad, it is now certainly the case.
We now proceed to determine whether this defendant violated the warranty of serviceability in the case at bar.
The vehicle was sold on August 22, 1983. The defendant apparently did not notice that the heater-defroster was not functioning until October of 1983 — because, logically enough, when purchasing the vehicle in the summertime she was interested only in the fact that it was blowing air which it was. It was not until October that the plaintiff found to her dismay that the vehicle could not blow warm air and she asserts of course that it had not blown any warm air since the date of delivery.
The defendant never really disputed the plaintiff’s assertions in this regard nor the fact that the plaintiff brought the vehicle to the defendant in October for repair and the defendant’s service person indicated that the defendant would fix the heater-defroster — but that the plaintiff would have to pay for it.
The defendant, appearing pro se, has relied entirely upon the traditional interpretation of the “as is” clause. The defendant has not in this case disputed the plaintiff’s factual claims nor cast any doubt upon the plaintiff’s assertion that the heater never functioned from the date of *716 delivery onward, nor has the defendant offered any evidence to in any way contradict the plaintiff’s claims. The defendant has not challenged the plaintiff’s properly certified invoice for the cost of repair of the defroster. Nor has the defendant introduced any evidence to establish any possible explanation for the heater-defroster’s malfunction in October other than its presumably having been defective at the time of delivery.
That being so, I fully accept all of the plaintiff’s factual testimony and I must find that the defendant upon the sale of this vehicle has breached the New York State warranty of serviceability (Vehicle and Traffic Law, § 417; 15 NYCRR 78.13 [c] [9]). I therefore grant judgment to the plaintiff in the amount of $129.55 together with interest in the amount of $6.80 plus court costs in the amount of $4.55 all in the sum total of $149.90 plus an additional $13, if necessary, for filing of a transcript.