an abuse of discretion *(People v Allyn,* 92 AD2d 692). Our review of the record reveals no reason to disturb the trial court's determination.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Dadd, J.—grand larceny, second degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE J. MURPHY, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Same memorandum as in *People v Murphy* ([appeal No. 1], 136 AD2d 969 [decided herewith]). (Appeal from judgment of Supreme Court, Erie County, Dadd, J.—grand larceny, second degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE J. MURPHY, Appellant. (Appeal No. 3.)—Judgment unanimously affirmed. Same memorandum as in *People v Murphy* ([appeal No. 1], 136 AD2d 969 [decided herewith]). (Appeal from judgment of Supreme Court, Erie County, Dadd, J.—grand larceny, second degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ SUSAN PLUNKETT, Doing Business as JAZZBERRY'S, Petitioner, v CITY OF ROCHESTER et al., Respondents.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: The determination of respondent Chief of Police denying petitioner's application to renew an amusement center license was supported by substantial evidence *(see, Merchants Rd. v Leach,* 92 AD2d 719). The Chief of Police had the authority to deny petitioner's application for renewal for failure to comply with Rochester Code provisions *(see,* Rochester Code § 29-15 [A]; § 29-18 [A]). Petitioner had been convicted of violating the noise ordinance of the City of Rochester (Rochester Code § 75-12 [A]) on numerous occasions in the six months prior to the application for renewal. At the hearing, neighborhood residents, police and the owner and an employee of Jazzberry's testified to disorder on the premises and incidents of noise audible beyond the property line. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Wesley, J.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ In the Matter of WILLIAM OLIVER, Petitioner, v WALTER KELLY, as Superintendent of Attica Correctional Facility, Re-