*497 OPINION OF THE COURT
Frank M. Klinger, J.
The question presented which is certainly of enormous State-wide interest is whether the New York State Lemon Law (General Business Law § 198-b) permits a judgment for the consumer in the case of a sale of a used car by a dealer under the appropriate 30-day- used car warranty when the consumer does not notify the dealer of the failure of the covered part within the specified warranty period, because the defect, although in existence at the time of sale, did not manifest itself within the 30-day warranty period.
Plaintiff purchased a used vehicle at a total cost of over $4,000 on May 4, 1987. Three months later on August 4, 1987, the vehicle broke down due, according to the plaintiff’s three expert witnesses, to a defective crankshaft. The plaintiff’s expert witness Joseph Salinski testified that as of the breakdown in August, the crankshaft had been in its defective condition for at least 3 to 4 months. The plaintiff’s expert witness Carl Sheffield testified that the crankshaft was in fact defective in August and that it appeared to him to have been in that condition for more than three months. The plaintiff’s third expert witness, her father, testified that the crankshaft was in defective condition, causing the breakdown of August 4, and that it had been in that condition prior to the sale of the vehicle. The witness further testified that upon purchase of the vehicle there was no reason to look at the crankshaft, that it was not a part of the standard New York State inspection and that this defect at the time of sale, if not concealed, was certainly not easily discoverable.
The defendant Gunn Buick’s one witness, Mr. Gunn, who does not himself work as a mechanic on the vehicles, in no way refuted the testimony of the plaintiff’s expert witnesses that the crankshaft was defective when sold. Defendant did point out to us that defendant’s witness and 1 of plaintiff’s 3 expert witnesses testified that with a problem such as a defective crankshaft, the driver would generally hear a "knocking” sound and that the plaintiff never testified that she in fact ever heard such a "knocking” sound. In fact she was never asked that question. Even if she didn’t hear any "knocking”, that would hardly negate the testimony of 1 of the plaintiff’s 3 expert witnesses who so testified that "generally” such knocking would occur, let alone that of the plaintiffs other 2 expert witnesses.
These expert witnesses further testified without contradic *498 tion that the defective crankshaft was the cause of the August breakdown.
There is of course no suggestion that the defendant herein was in any way precluded from examining this vehicle as extensively as it desired or from calling whatever experts it wished to call to refute the allegation that the crankshaft was defective at the time of purchase or else to testify if it be the case, that such a determination is impossible to make.
What we are left with is the unrefuted testimony of three expert witnesses (one, the plaintiff’s father, who has a financial stake in the outcome as well, is certainly an "interested” witness — but even so, such "interest” does not in and of itself render a witness’ testimony unbelievable) all of whom agree that the crankshaft was defective on the date the vehicle was sold to the plaintiff. That being the case, the vehicle was certainly not "in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery” in accordance with the certificate defendant issued.- Rather, it was more a situation of a breakdown just waiting to occur, as it did, due to the defective crankshift.
However, subdivision (b) (3) of section 198-b of the General Business Law (the Lemon Law) states that "[s]uch repair or reimbursement shall be made by the dealer notwithstanding the fact that the warranty period has expired, provided the consumer notifies the dealer of the failure of a covered part within the specified warranty period. ” (Emphasis added.)
Indeed the "New York State Dealer Limited Used Passenger Vehicle Warranty” given by the dealer in this case and signed by the customer, which constituted the contract between the parties, states that "to make a claim under this warranty I must notify you of the claim within the specified warranty period”.
Does this agreement signed by the plaintiff along with the quoted language of the General Business Law preclude a recovery by the plaintiff?
Undoubtedly the plaintiff would be so precluded were it not for section 417 of the Vehicle and Traffic Law which states that upon sale and transfer of title of every used vehicle by a retail dealer the dealer shall execute in a form prescribed by the Commissioner a notice which "shall also contain a certification that said motor vehicle complies with such requirements of this chapter as shall be specified by the commis *499 sioner and that it is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery.” (Emphasis added.)
Although section 417 has been on the books for a long time, it is only in recent times that the courts have taken notice of it and its scope and effect have been recognized to be of substantial value to the consumer in the same manner as the Uniform Commercial Code warranties and the Lemon Law. A history of the judicial interpretations of section 417 is in order.
The section appears to have been first taken note of in connection with such problems in Dato v Vatland (36 Misc 2d 636, 637 [Sup Ct, Nassau County 1962]) in which the court held that "[s]ection 417 of the Vehicle and Trafile Law requires that the certificate be executed and that the car be as represented by the certificate.” The court further held that to permit a used car dealer to evade this statutory duty by writing the word "junk” across the face of the document of sale would be subversive to public policy and added that "ft]he warranty created by section 417 of the Vehicle and Traffic Law cannot be waived.” (Supra, at 637; emphasis added.)
The next case to take note of section 417 was Pierce v International Harvester Co. (61 AD2d 255 [4th Dept 1978]) in which our Appellate Division specifically quoted section 417 and quoted the following language of the section 417 warranty in italics "and that it is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery.” (Supra, at 258.)
The Appellate Division went on to discuss the legislative history of that section and the statement by the Counsel and Deputy Commissioner of the Department of Motor Vehicles in urging its enactment in 1954 that " '[t]his measure, if enacted into law, will serve to more adequately protect the purchaser of a motor vehicle from buying a vehicle which is not equipped as required by section 15 * * * It is a matter of common knowledge that many persons buy motor vehicles without having the time or facilities available to adequately check all of the equipment of the motor vehicles, while the dealer is generally in a position to do so. This measure is primarily designed to protect the purchasers from being sold an improperly equipped or defective vehicle. ’ ” (Supra, at 259-260.)
The next case to discuss section 417 was Natale v Martin *500 Volkswagen (92 Misc 2d 1046 [Utica City Ct 1978]). There defendant attempted to disclaim the then applicable implied warranty of merchantability with a handstamped disclaimer. The vehicle in question broke down almost as soon as it was put on the road.
The court, on page 1050, quoted the previous language of section 417 requiring that the warranty that the vehicle be in condition and repair to render under normal use satisfactory ádequate service upon the public highway at the time of delivery. The court went on to hold that "[t]his 'warranty of serviceability’ goes beyond the implied warranty of the Uniform Commercial Code. It is a statutory warranty that cannot be waived.” (Supra, at 1050.)
The next case concerning section 417 was Maure v Fordham Motor Sales (98 Misc 2d 979 [Civ Ct, NY County 1979]). There the court held that "It is the policy of this State to protect purchasers of used vehicles from being sold defective vehicles * * * This legislative policy, embodied in section 417 of the Vehicle and Traffic Law, requires retail sellers of used vehicles to expressly warrant in writing, inter alia, that the motor vehicle 'is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery.’ ” (Supra, at 983.) The court went on to hold that "The evidence presented at trial established that, at the time of the sale of the used car to plaintiff by Fordham, there was a defect in the car’s steering mechanism which caused the locking of that mechanism and, ultimately, the accident in question.” (Supra, at 983-984.)
The next discussion of section 417 was in Rayhn v Martin Nemer Volkswagen Corp. (77 AD2d 394 [3d Dept 1980]). There the Appellate Division, Third Department, indicated that "The affidavits and documentary evidence herein establish that the automobile was not in compliance with section 417 of the Vehicle and Traffic Law” due to an apparent myriad of defects. (Supra, at 395.)
The Appellate Division went on to hold that "The analysis of legislative intent in the Pierce case (supra) is thorough and a plain reading of section 417 supports the conclusion that the Legislature intended to impose an absolute responsibility upon the used vehicle dealers in this State to sell only motor vehicles in condition to render adequate and satisfactory service upon highways at the time of delivery. The statute does not provide for any contractual waiver or limitation upon the responsibil *501 ity for a satisfactory operating condition.” (Supra, at 396; emphasis added; see also, Matter of Ann-Son Auto Sales v Commissioner of Dept. of Motor Vehicles, 83 AD2d 759 [4th Dept 1981].)
Next we have McCormack v Lynn Imports (114 Misc 2d 905, 911 [Dist Ct, Nassau County 1982]) in which the court again quoted section 417 placing in italics the language of the warranty " 'that it is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery’ ”,
Then comes Pinelli v De Paula Chevrolet (101 AD2d 643 [3d Dept 1984]) in which the Appellate Division, Third Department, again quoted the same identical language and concluded that "section 417 imposes an absolute and nonwaiveable responsibility on used car dealers to deliver used cars 'in condition to render adequate and satisfactory service’ ”. (Supra, at 644; emphasis added.)
The next reported case to cite section 417 is our own case of Rice v Burritt Motors (124 Misc 2d 712 [Oswego City Ct 1984]) wherein we quoted the same language and indicated that "[n]ow, however, the 'warranty of serviceability’ which has existed for some time is apparently recognized by the courts as something more than simply a restatement of the implied warranties of merchantability which can be excluded by 'as is’ clauses. Thus a sale of a used vehicle in New York State 'as is’ no longer means 'as is’ — but rather it now means 'as it should be’ under the Vehicle and Traffic Law and the Commissioner’s regulations. Whether this be good or bad, it is now certainly the case.” (Supra, at 715.)
Now it is significant that all of the foregoing case law, including Rice v Burritt Motors (supra), were decided before the passage of the Lemon Law. The question then becomes whether this plaintiff or any plaintiff whose proof shows that they have a cause of action for breach of the warranty of serviceability under section 417 loses their right to make their claim if the problem for which they now complain did not manifest itself within 30 days (or other appropriate warranty period) from the date of sale of that vehicle. Since defects in vehicles, can as here, certainly remain hidden for some time, this question is certainly of substantial State-wide interest.
The only cases we have found concerning this warranty of serviceability since the enactment of the Lemon Law are Cintron v Tony Royal Quality Used Cars (132 Misc 2d 75 [Civ *502 Ct, Kings County 1986]) in which the court found that the defendant violated both the warranty of serviceability and the Lemon Law, and Armstrong v Boyce (135 Misc 2d 148 [Watertown City Ct 1987]).
This Armstrong case (supra) is the only reported case that I am aware of that squarely confronts the question of the warranty of serviceability, section 417, versus the Lemon Law (General Business Law § 198-b), when the provisions of the latter favor the dealer.
In Armstrong v Boyce (supra), Judge Harberson traced the history of the foregoing case law concluding that
"Section 417 of the Vehicle and Traffic Law, then, imposes a nonwaivable obligation upon a used car dealer to deliver a car that complies with section 417 of the Vehicle and Traffic Law and 15 NYCRR 78.13 * * *
Section 198-b is the 'used car lemon law’. It was enacted because section 417 of the Vehicle and Traffic Law did not alone provide sufficient protection.” (Supra, at 151; emphasis added.)
Judge Harberson points out an Attorney-General Office’s memo to the Senate with reference to the enactment of section 198-b of the General Business Law as a supplement to section 417 of the Vehicle and Traffic Law which expressly provides that "nothing in section 198-b: 'shall in any way limit the rights or remedies which are otherwise available to a consumer under any other law.’ ” (Supra, at 152.) This Attorney-General’s memo as quoted by Judge Harberson states that section 198-b should be enacted because under section 417 " '[T]he consumer must prove the defect existed at the time of the sale * * * [t]his bill would-insure that in each case certain minimal warranty safeguards are provided to consumers.’ ” (Supra, at 152.) The memo, per Judge Harberson’s decision, indicates that " 'Perhaps the most important protection for used car buyers is the non-waivable statutory warranty of serviceability afforded by section 417 of the Vehicle and Traffic Law’ ” and that "[t]he Courts have given a liberal interpretation to § 417.” (Supra, at 152-153.)
Judge Harberson concluded that "Taken together, sections 417 and 198-b provide a before and after protection to the used car buyer. Section 417 gives the buyer a warranty of serviceability that the car as delivered 'is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway’. Section 198-b provides spe *503 cific protection to the used car buyer as a legislated warranty as to certain parts for certain periods after the delivery of the used motor vehicle.” (Supra, at 153.)
In Armstrong v Boyce (supra) the defendant asserted the defense that the bumper failed and required repair after the 30-day warranty period expired. Judge Harberson, however, held that
"The court finds that the defendant failed to comply with section 417 of the New York Vehicle and Traffic Law and 15 NYCRR 78.13. The vehicle sold to the plaintiffs was not acceptable for reasonable, normal road use when delivered * * *
"The fact the defect did not manifest itself for a period beyond the warranty period of 30 days will not bar the plaintiffs’ recovery for the cost of the bumper” (supra, at 155, citing Matter of Ann-Son Auto Sales v Commissioner of Dept, of Motor Vehicles, supra, and Rice v Burritt Motors, supra).
Although this Armstrong case (supra) is admittedly the only reported case close on point to this question, nonetheless it ' seems clear to 'me that Judge Harberson’s decision and dicta are eminently correct. For if Judge Harberson and I are wrong, then it must follow that the very important statutory "nonwaiveable” cause of action (Vehicle and Traffic Law § 417) which consumers formerly possessed under section 417 has been impliedly repealed by the Lemon Law and in that regard the Lemon Law can be construed to have provided a severe setback to consumers: namely, they have lost the right to sue the dealer for violation of the section 417 warranty for hidden defects at the time of sale unless the defects manifest themselves within the 30-day period.
Certainly any fair reading of the Lemon Law and all of its legislative history surrounding it would not lead one to the conclusion that one of its purposes was to take away a previously existing right of consumers and to insulate dealers against such an important nonwaiveable action which consumers of used cars formerly possessed.
The only sensible construction of those two sections would be to state that the statutory warranty under section 417 which has been so repeatedly held to be "nonwaiveable” remains nonwaiveable and is not waived by any contractual limitation on liability pursuant to the Lemon Law.
It is true that Loomis v Maguire's Equip. Sales (124 AD2d 82 [3d Dept 1987]) and Kaltz v Stein (133 Misc 2d 258 [Dist Ct, *504 Suffolk County 1986]) are both to the effect that the plaintiff was able to recover under this Lemon Law because in each case the finding was that the plaintiff had in fact given notice of the defect within the 30-day period. However, neither of these cases raise any claims or issues pursuant to a section 417 warranty.
Certainly it would be preferable from the dealers’ point of view if they could safely rely on the Lemon Law provisions as having created a Statute of Limitations of 30 days — or other applicable period — upon the expiration of which no further claim might ever be brought concerning the purchase of a used car. Such an interpretation would certainly make things simpler to apply for all concerned. The foregoing analysis, however, appears to render it clear, at least to me, that such is not the case.
Our decision here and that of the Watertown City Court in Armstrong v Boyce (supra) should not, however, be construed as creating a perpetual warranty or a nightmare of eternal liability. Of course all used vehicles — and indeed all new vehicles — will break down sooner or later. If the time in which to report the defect as fixed by contract and the Lemon Law has, as here, expired, then the plaintiffs, to recover, simply must establish, as this plaintiff has, through expert testimony that the vehicle was in fact defective (not in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway) at the time of delivery.
Lastly, defendant moves to dismiss plaintiff’s claim, because the section 417 cause of action was never alleged per se in either the pleadings or the plaintiff’s motion at the close of his proof to amend his pleadings. The original claim indicates that the plaintiff "purchased a 1981 Pontiac automobile from the defendant and suffered damages in that it was not properly running, and breached their warranty of fitness for particular use, the car was in defective condition when sold”.
Under the CPLR, pleadings are liberally construed — as their function is to inform the defendant of the essence of the plaintiff’s factual claim. I greatly doubt that even under the CPLR the plaintiff could have forfeited her essential cause of action for failure to particularize its precise statutory derivation, when in fact her pleadings certainly gave adequate notice of the factual basis of her claim.
*505 In any event this case was filed as a "small claim” under UCCA article 18. Under UCCA 1805 the court has the power to transfer a small claim to the regular civil part of the court, but before such transfer proceeding can be made, application must be made to the court, as a condition precedent and then granted upon a showing that the issues are complicated (Cherry v Coyne, 96 Misc 2d 215 [1978]). In the case at bar, of course, no such application or transfer was made and the matter remains in Small Claims Part. That being the case we are guided by UCCA 1804 which states that "The court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence” with certain exceptions inapplicable here.
Although the purpose of this provision was undoubtedly to provide a protection to pro se small claims litigants against dismissal on a "technicality”, the language is certainly clear enough. Plaintiffs failure to articulate the section number of the Vehicle and Traffic Law upon which she relies in her pleadings either before or during trial certainly does not preclude her from doing so in her subsequent memorandum of law.
I therefore find in this case that the defendant, although not in breach of either the contract or Lemon Law, is definitely in breach of the statutory warranty of serviceability, section 417, and I hereby grant judgment to the plaintiff for her damages which I find to be in the amount of $1,075.87. The proof of the plaintiff’s witnesses makes it clear that the plaintiff was and is liable to pay that amount although she has apparently not yet done so. This court is not aware of any requirement that prior to recovering a judgment a plaintiff must actually pay the bills that are the subject of the lawsuit. Indeed person^, sometimes indigent, frequently recover awards for past and even future anticipated expenses which they have not paid and sometimes cannot pay, until they recover their judgment.
My judgment is for the plaintiff in the amount of $1,075.87 plus interest from August 4, 1987. Plaintiff may submit a proposed judgment and bill of costs.
The parties have 30 days to appeal.