■ STEVEN E. PINELLI, Appellant, v DE PAULA CHEVROLET, INC., et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered June 22, 1983 in Schenectady County, which denied

plaintiff's motion for summary judgment. ¶ Plaintiff purchased a used 1979 Buick Riviera from defendant De Paula Chevrolet, Inc., along with a service contract called "The Used Car Works". The salesman told plaintiff that the Buick had been traded in by the original owner, who had not had any major problems with the automobile and that it was the best car on the lot. The Buick was delivered to plaintiff on February 16, 1982, but eight days later it needed transmission and steering work which resulted in plaintiff bringing the car to Keane Buick, Inc., a dealer that honored De Paula's service contract. On March 10, 1982, plaintiff picked up the car but continued to experience problems with the steering and transmission. On March 27, plaintiff took the Buick to Inter-City Tire Auto Center, Inc., which discovered that the Buick had a defective frame and could not be repaired. Plaintiff then returned to Keane, which confirmed the problem and indicated that it would take a welding specialist to repair the car if it was repairable at all. Keane also informed plaintiff that the Buick was unsafe to drive. On April 1, 1982, plaintiff called De Paula, told them about the problems and requested that they call Keane; De Paula, however, insisted that Keane call them. Plaintiff then filed a complaint with the Department of Motor Vehicles and learned, *inter alia,* that the car had previously been in a serious accident and had four previous owners. ¶ On June 16, 1982, plaintiff's counsel revoked plaintiff's acceptance, indicated that the certificate of title would be returned and that De Paula could pick up the car at plaintiff's home. De Paula's attorney rejected the revocation and mailed the title back to plaintiff's counsel. Plaintiff then commenced the instant suit, alleging, *inter alia,* that De Paula violated section 417 of the Vehicle and Traffic Law. De Paula and the General Motors Acceptance Corporation (GMAC), the assignee of plaintiff's installment contract, were named as defendants. After submitting a bill of particulars, plaintiff moved for summary judgment, which Special Term denied. This appeal by plaintiff ensued. ¶ Plaintiff, by affidavit, states that he was never given the certification required by section 417 of the Vehicle and Traffic Law. He also provided an affidavit from Robert Kerhli, a mechanic, who examined the Buick on March 27, 1982 and concluded that the vehicle needed a new frame and was defective when plaintiff took delivery on February 16, 1982. Section 417 requires that used car dealers make an appropriate inspection of the cars they sell and give their purchasers a written certification that the car "is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery". Section 417 received a thorough examination by this court in *Rayhn v Nemer Volkswagen Corp.* (77 AD2d 394, app dsmd 53 NY2d 796). Therein, this court concluded that section 417 imposes an absolute and nonwaiveable responsibility on used car dealers to deliver used cars "in condition to render adequate and satisfactory service" (*id.,* at p 396). Moreover, in *Rayhn,* we held that the undisputed evidence that the car needed numerous repairs after delivery was sufficient to entitle plaintiffs to summary judgment, giving them rescission against the seller and the assignee of the installment sales contract. ¶ In this case, defendants attempt to resist summary judgment with affidavits that it was defendant De Paula's "custom and practice" to provide purchasers with used vehicle certifications and that a copy was in its file. De Paula also submitted an affidavit by its former used car manager, who said that he found the Buick to be "in a condition and repair to render, under normal use, satisfactory and adequate service at the time of delivery". Notably, however, defendants' papers fail to include a copy of the required certificate, and defendants' affidavits indicate that the only "inspection" upon which they relied was a test drive by De Paula's used car manager. ¶ In *Rayhn v Nemer Volkswagen Corp.* (*supra*), defendant submitted documentation that "a '16 point inspection'

and/or a New York State inspection" had been conducted, but that was found insufficient as it failed to indicate an adequate inspection as required by section 417 of the Vehicle and Traffic Law and the regulations (15 NYCRR 78.13) promulgated thereunder (*Rayhn v Nemer Volkswagen Corp., supra,* p 397). In this case, De Paula has wholly failed to establish that it made an appropriate inspection and provided the required certificate; such failures constitute violations of section 417 of the Vehicle and Traffic Law. It is our opinion that plaintiff's uncontradicted proof of a violation of section 417 is complete for purposes of that section. Accordingly, upon surrender of the vehicle, plaintiff is entitled to a complete refund of the purchase price[*] in the manner set forth in *Rayhn* (*supra,* pp 397-398). ¶ On appeal, plaintiff argues for the first time that should we grant summary judgment in his favor, we should remit to Special Term for a determination of attorney's fees. However, since plaintiff did not request this relief below, such issue is not properly before this court. ¶ Order modified, on the law, by reversing so much thereof as denied plaintiff's motion for summary judgment; motion granted to the extent of canceling the purchase contract dated February 13, 1982 and the retail installment contract dated February 16, 1982, and, as so modified, affirmed, with costs to plaintiff. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.

---

* Although plaintiff's complaint, *inter alia,* seeks damages in the amount of the purchase price, such demand is tantamount to a request for rescission. Consequently, we shall treat it as such (see 22 NY Jur 2d, Contracts, § 437, p 360).