■ SIDNEY VERNON et al., Respondents, v POTAMKIN CADILLAC CORPORATION, Appellant and Third-Party Plaintiff-Appellant, et al., Defendant. H & P AUTO BODY, INC., Third-Party Defendant-Respondent.—In an action to recover damages, *inter alia,* for fraud, breach of warranty and an alleged violation of Vehicle and Traffic Law § 417, the defendant and third-party plaintiff Potamkin Cadillac Corporation appeals (1) from a judgment of the Supreme Court, Westchester County (Beisheim, J.), entered May 30, 1984, which, upon a jury verdict

awarding the plaintiffs the sums of $35,000 in compensatory and $35,000 in punitive damages, is in favor of the plaintiffs and against it in the sum of $79,340, and (2) from a judgment of the same court, dated June 12, 1984, which, upon the motion of the third-party defendant, dismissed its third-party complaint.

Judgment entered May 30, 1984 reversed, on the law, the facts and as an exercise of discretion, without costs or disbursements, and a new trial granted on the issue of compensatory damages only in accordance herewith, unless within 20 days after service upon the plaintiffs of a copy of the order to be made hereon, together with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $20,763.51, and to the entry of an amended judgment accordingly. In the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

Judgment dated June 12, 1984 affirmed, without costs or disbursements.

We find that the plaintiffs established neither a "virtually larcenous scheme to trap generally the unwary", nor such a degree of gross, highly immoral and wantonly dishonest conduct on the part of the defendant and third-party plaintiff Potamkin Cadillac Corporation (hereinafter Potamkin) with respect to the sale of a defective used automobile, as to justify the jury's award of punitive damages (*Walker v Sheldon,* 12 AD2d 456, *affd* 10 NY2d 401, 404; *Gale v Kessler,* 93 AD2d 744). The evidence presented at trial was that Potamkin had the car repaired after the original lessee was involved in an accident. There was no attempt on Potamkin's part to deliberately deceive the plaintiffs about the occurrence of this accident. Moreover, Potamkin had issued a service warranty which permitted the plaintiffs to have the car repaired wherever they chose, free of cost except for a small deductible. Sidney Vernon, one of the plaintiffs, conceded that he never informed Potamkin of his discovery that the car could not be adequately repaired before surrendering the license plates to the Department of Motor Vehicles and placing the car in storage on April 4, 1983. Apparently, Potamkin first learned of the plaintiffs' acts indicating their revocation of acceptance later that month when it received the plaintiffs' summons and verified complaint in this action. Potamkin thereupon sent a telegram to the plaintiffs offering to repair the vehicle at no

charge. These facts clearly do not constitute fraud and deceit warranting the recovery of punitive damages.

Additionally, the jury's award of compensatory damages was excessive. Although the verdict was a general one, it is apparent that the jury not only took into consideration the purchase price of the car but also the plaintiffs' loss of use of the vehicle, the latter of which was not recoverable under the circumstances *(see, Rayhn v Nemer Volkswagen Corp.,* 77 AD2d 394, 397, *appeal dismissed* 53 NY2d 796). As plaintiffs' action was, in essence, one of rescission or cancellation under UCC 2-711 *(see, Pinelli v De Paula Chevrolet,* 101 AD2d 643), they were entitled to a refund of the purchase price, as well as any incidental damages reasonably incurred and resulting from the seller's breach *(see,* UCC 2-715 [1]; *cf. Lanners v Whitney,* 247 Ore 223, 236, 428 P2d 398, 404). The plaintiffs' expenses in connection with financing the purchase are properly recoverable as incidental damages upon cancellation. However, the plaintiffs must surrender the vehicle and transfer title thereto back to Potamkin in order to avoid double recovery *(Pinelli v De Paula Chevrolet, supra; Rayhn v Nemer Volkswagen Corp., supra).*

To the extent the jury awarded damages in excess of the above for certain expenses that the plaintiffs incurred in connection with repairing their old automobile, renting another automobile on one occasion and storing the Cadillac purchased from Potamkin, the same are not recoverable. The plaintiffs failed to demonstrate that it was necessary for them to take such action as a result of any representations by Potamkin *(see,* UCC 2-715 [1]). Nor could the plaintiffs' actions be characterized as reasonable, for it is clear from the record that Potamkin was never given the opportunity to repair, or replace, or accept a return of the vehicle in question.

The trial court correctly dismissed the third-party complaint against H & P Auto Body, Inc., at the close of all the evidence. As counsel for Potamkin conceded at trial, no action lies for breach of warranty where a service such as the making of repairs was performed *(see, Aegis Prods. v Arriflex Corp.,* 25 AD2d 639; *Nickel v Hyster Co.,* 97 Misc 2d 770). Nor was there any proof of damages attributable to the alleged negligence of H & P Auto Body, Inc., in repairing the vehicle. Since the plaintiffs' recovery against Potamkin rested on the ground of misrepresentation *(see,* Vehicle and Traffic Law § 417; *Pinelli v De Paula Chevrolet, supra),* H & P Auto Body owed no duty to the plaintiffs and therefore could not be held

liable for the cost of the car. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.