■ American Honda Finance Corporation, Respondent, v Progressive Casualty Insurance Company, Appellant. [736 NYS2d 517] —Peters, J. Appeal from an order of the Supreme Court (Lamont, J.), entered February 22, 2001 in Albany County, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint.

In August 1998, Juan Perez and Ruben Moreno leased a 1998 Honda Accord from plaintiff. By the terms of the lease agreement, Perez and Moreno were required to maintain an insurance policy which insured against, inter alia, collision,

theft and comprehensive loss and name plaintiff as an additional loss payee. Perez obtained the requisite policy from defendant which provided as follows:

"Payment for damage to a covered vehicle will be made according to your interest and the interest of any Loss Payee * * * shown on the Declarations Page or designated by you. Payment may be made to both jointly, or separately, at our discretion.

"Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of you or a relative, the Loss Payee * * * will not be protected.

"We will be entitled to the Loss Payee['s] * * * rights of recovery, to the extent of our payment to the Loss Payee * * *."

On October 7, 1998, Perez reported the theft of his vehicle to the police and defendant. He averred that he had last seen the vehicle on the previous evening after he legally parked it and activated its alarm system. Richard Hare, a special investigator employed by defendant, investigated and discovered that Perez's vehicle was recovered on the date of the theft and that due to the extent of the destruction, it should be considered a total loss. Perez, after cancelling numerous appointments, was ultimately interviewed by Hare who opined that Perez made several misrepresentations regarding his employment, the vehicle's repair record and whether or not Perez had lost his driver's license as he had represented. Hare's investigation further revealed that although the lease only allowed for 12,000 miles per year, the vehicle had already registered 5,157 miles within the first three months of the lease. Based upon this information, Hare requested Northeast Technical Services (hereinafter NETS) to inspect the vehicle for point of entry, ignition and key pathways, and oil and transmission fluid analysis. The NETS inspection revealed that one of the three original keys was the last key to operate the vehicle. Hare's later interview of Perez confirmed that, at all times, he had custody and control of all the original keys.

By letter dated December 28, 1998, defendant denied Perez's claim, citing the "fraud or misrepresentation" provision of the subject policy. By letter dated August 30, 1999, plaintiff was also informed, after its inquiry, that its coverage would be denied due to the fraud or misrepresentation by Perez. Neither the police nor any of defendant's experts was able to cull any further details regarding the alleged theft and no arrest was ever made in connection with this event.

Plaintiff commenced this action alleging breach of contract. Defendant's answer listed numerous affirmative defenses,

including "[a] defense * * * found upon documentary evidence since the policy in question does not cover fraud by the insured." Plaintiff thereafter moved for summary judgment prompting defendant's cross motion for the same relief. Supreme Court granted plaintiff's motion, finding that the subrogation clause obligated defendant to make payment under the policy regardless of the conduct of others and that defendant was precluded from raising the defense of contract exclusion for the first time in response to the motion for summary judgment. Defendant appeals.

Preliminarily, we reject the contentions raised by plaintiff that defendant failed to challenge each and every part of the order issued by Supreme Court, including its conclusions with respect to the effect of the subrogation clause and that the policy exclusion provision should not be considered since it was not affirmatively pleaded in the answer. Our review reveals that the policy exclusion was directly raised as an affirmative defense and thus the court erred in precluding its consideration on the motions for summary judgment (*cf., Chase Automotive Fin. Corp. v Allstate Ins. Co.*, 280 AD2d 761, 763).

First addressing plaintiff's motion for summary judgment, we find no error in Supreme Court's implicit conclusion that it sustained its prima facie burden of establishing its entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). In response thereto, defendant was required to produce evidentiary proof in admissible form sufficient to require a trial of a material question of fact on which its claim is premised (*id.*). We find that in connection with its cross motion and in opposition to plaintiff's motion, defendant submitted sufficient admissible evidence to defeat plaintiff's motion, which included a reference to the specific policy exclusion on which it relied, the various denial letters highlighting the basis for the denial, Hare's affidavit detailing his work as special investigator, along with the affidavit of Richard Pacheco, an employee of NETS, which referenced the report issued by NETS. At this preliminary stage of the proceeding, a question of fact is lurking as to whether Perez committed fraud or made other material misrepresentations such that the policy exclusion would preclude recovery (*see, C.I.T. Leasing Corp. v Travelers Ins. Co.*, 145 AD2d 973; *Wometco Home Theatre v Lumbermens Mut. Cas. Co.*, 97 AD2d 715, 716, *affd* 62 NY2d 614; *cf., Chase Automotive Fin. Corp. v Allstate Ins. Co., supra* at 763; *see generally, Ingarra v General Acc./PG Ins. Co. of N.Y.*, 273 AD2d 766).

While we find that defendant submitted a sufficient proffer

to raise a triable issue of fact, we cannot conclude that the same proffer was sufficient to establish its entitlement to deny the claim under the policy exclusion as a matter of law (*see, Zuckerman v City of New York, supra* at 562). For these reasons, both motions for summary judgment should have been denied.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment; said motion denied; and, as so modified, affirmed.