▆ MS Partnership, Appellant, v Wal-Mart Stores, Inc., et al., Respondents, et al., Defendants. (Appeal No. 1.) [768 NYS2d 890]—

Appeal from an order of Supreme Court, Jefferson County (Gilbert, J.), entered August 26, 2002, which granted the motion of defendants 81 & 3 of Watertown, Inc. and Bella Vista Group, Inc. for summary judgment dismissing the amended complaint against them and denied plaintiff's cross motion for leave to amend the amended complaint to add a cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the fourth cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff appeals from an order granting the motion of 81 & 3 of Watertown, Inc. (81 & 3) and Bella Vista Group, Inc. (collectively, defendants) for summary judgment dismissing the amended complaint against them and denying the cross motion of plaintiff for leave to amend the amended complaint to add a cause of action for breach of contract against defendants. We conclude that Supreme Court erred in granting that part of defendants' motion for summary judgment dismissing the cause of action for indemnification. That cause of action is based on an indemnification provision in the contract of sale between defendants and plaintiff, pursuant to which defendants agreed to indemnify plaintiff for any costs and liabilities incurred arising from defendants' acts or omissions before the closing date. Although defendants met their initial burden by establishing as a matter of law that plaintiff is not entitled to indemnification, plaintiff raised triable issues of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Correspondence between defendant Wal-Mart Stores, Inc. (Wal-Mart) and plaintiff asserts claims that may be attributable to the design and construction of the property (*see American Honda Fin. Corp. v Progressive Cas. Ins. Co.*, 290 AD2d 850, 852 [2002]). Further, an officer of defendants admitted at his deposition that the property was not inspected by defendants prior to the signing of the certificate of substantial completion. Thus, there are issues of fact whether the defects are the result of defective design and construction and thus whether plaintiff's liability to Wal-Mart for repairs arose from defendants' acts or omissions prior to closing.

We further conclude that the court properly granted that part of the motion of defendants for summary judgment dismissing the fraud cause of action against them. Defendants established their entitlement to judgment dismissing that cause of action against them and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562). Essential to a fraud cause of action is the existence of a material misrepresentation made with the intention of inducing the plaintiff's reliance thereon (*see Gizzi v Hall*, 300 AD2d 879, 880 [2002]). Here, the basis for the fraud cause of action is plaintiff's assertion that the estoppel certificate issued by 81 & 3 and the certificates of substantial completion issued by 81 & 3 and the civil engineering firm hired by it were false and were intended to deceive plaintiff. Defendants met their initial burden of establishing as a matter of law that there are no material issues of fact with respect to those elements of fraud (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). We conclude that, although plaintiff may have raised an issue of fact whether 81 & 3 acted recklessly in signing the certificate of substantial completion and estoppel certificate without first inspecting the building, there is no evidence that defendants issued the certificates with the intent to deceive plaintiff (*cf. Klembczyk v DiNardo*, 265 AD2d 934, 935 [1999]).

Defendants also established as a matter of law that there are no material issues of fact with respect to the necessary element of reasonable reliance on the alleged misrepresentation (*see generally Gizzi*, 300 AD2d at 880). Here, plaintiff had the right to inspect the improvements to ensure that they were "constructed in accordance with all governmental requirements and in accordance with the approved plans and specifications" but failed to exercise that right prior to the closing date. Thus, because the facts were not peculiarly within defendants' knowledge, plaintiff cannot be said to have reasonably relied on the alleged misrepresentation (*see Casey v Masullo Bros. Bldrs.*, 218 AD2d 907, 908 [1995]).

Finally, we conclude that the court properly denied plaintiff's cross motion for leave to amend the amended complaint to add a cause of action for breach of contract against defendants. Despite plaintiff's allegation to the contrary, there is no provision in the contract of sale whereby 81 & 3 agreed "to develop the Premises according to the Plans and Specifications provided by [Wal-Mart]," and thus the proposed amendment is "patently lacking in merit" (*Letterman v Reddington,* 278 AD2d 868, 868 [2000]; *see Nahrebski v Molnar,* 286 AD2d 891, 891-892 [2001]; *Valley Cadillac Corp. v Dick,* 238 AD2d 894 [1997]).

We therefore modify the order by denying defendants' motion in part and reinstating the fourth cause of action. Present— Pigott, Jr., P.J., Pine, Wisner and Kehoe, JJ.