# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1441**
**CA 12-00398**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

HAYWARD BAKER, INC.,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                          MEMORANDUM AND ORDER

C.O. FALTER CONSTRUCTION CORP., ZURICH
AMERICAN INSURANCE COMPANY, AND FIDELITY
AND DEPOSIT COMPANY OF MARYLAND,
DEFENDANTS-APPELLANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

ALARIO & FISCHER, P.C., SYRACUSE (LINDA E. ALARIO OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (CLIFFORD G. TSAN OF COUNSEL),
FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered June 28, 2011. The order, among other things, granted in part plaintiff's motion for partial summary judgment and granted defendants' cross motion for partial summary judgment dismissing the second cause of action, for unjust enrichment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and by denying the cross motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff was hired by defendant C.O. Falter Construction Corp. (Falter) as a subcontractor to complete foundational work on a wastewater treatment plant project in Onondaga County. During the course of construction, various issues arose concerning the adequacy of plaintiff's installation of a jet grout bottom seal, and Falter ultimately refused to pay plaintiff the balance due on their contract. Plaintiff thereafter commenced this action seeking recovery of that amount together with the additional expenses that it allegedly incurred in performing remedial work in connection with the jet grout bottom seal. Falter asserted in a counterclaim that plaintiff had breached their contract based on its deficient installation of the jet grout bottom seal. Supreme Court granted in part plaintiff's motion for partial summary judgment and awarded plaintiff the contract balance. The court concluded, however, that there are issues of fact concerning plaintiff's entitlement to

the additional expenses, and it therefore denied plaintiff's motion for partial summary judgment to that extent.  In addition, the court granted defendants' cross motion for partial summary judgment dismissing the second cause of action, for unjust enrichment.

Defendants contend on their appeal that the court erred in granting that part of plaintiff's motion with respect to the balance of the amount due on the contract because they have a viable counterclaim for plaintiff's breach of contract arising from the same transaction.  We agree (see *Yoi-lee Realty Corp. v 177th St. Realty Assoc.*, 208 AD2d 185, 189-190).  Indeed, there is no dispute that there were deficiencies in the jet grout bottom seal, and defendants submitted evidence that plaintiff failed to follow its own procedures in completing the work (see generally *Zuckerman v City of New York*, 49 NY2d 557, 562).  We therefore modify the order in appeal No. 1 accordingly.

Plaintiff contends on its cross appeal that the court erred in denying its motion for partial summary judgment with respect to its alleged additional costs based upon a "changed conditions" clause in a different contract that, according to plaintiff, was incorporated into the contract between plaintiff and Falter.  We reject that contention. "[A] reference by the contracting parties to an extraneous writing for a particular purpose makes it a part of their agreement only for the purpose specified" (*Guerini Stone Co. v Carlin Constr. Co.*, 240 US 264, 277; see *Bussanich v 310 E. 55th St. Tenants*, 282 AD2d 243, 244). Here, the only references in the contract to the extraneous writing at issue do not relate to or incorporate the "changed conditions" clause in the extraneous writing.  The court therefore properly concluded that the "changed conditions" clause was not incorporated into the contract between plaintiff and Falter and that plaintiff thus cannot recover any additional expenses under that clause.

We further conclude that there are issues of fact concerning whether the contract was one of performance or design specification, thus precluding summary judgment with respect to the additional expenses that plaintiff allegedly incurred in remediating the jet grout bottom seal.  "A performance specification [contract] requires a contractor to produce a specific result without specifying the particular method or means of achieving that result" (*Fruin-Colnon Corp. v Niagara Frontier Transp. Auth.*, 180 AD2d 222, 229).  "In other words, the contractual risk of nonperformance is upon the contractor" (*id.*).  In contrast, a design specification contract is one in which "the owner specifies the design, materials and methods and impliedly warrants their feasibility and sufficiency" (*id.*).  "In that instance, the contractor's guarantee . . . is limited to the quality of the materials and workmanship employed in following the owner's design" (*id.* at 230).  The proper characterization of a construction contract as one of either performance or design specification "depends upon the language of the contract as a whole," and relevant factors in such an inquiry "include the nature and degree of the contractor's involvement in the specification process, and the degree to which the contractor is allowed to exercise discretion in carrying out its performance" (*id.*).  Here, the unresolved issues of fact with respect to those

factors, particularly as to plaintiff's ability to change the design without Falter's approval, precludes a determination whether as a matter of law the subject contract is one of either performance or design specification, and thus whether plaintiff may recover expenses incurred in remediating the jet grout bottom seal.

The court likewise properly denied that part of plaintiff's motion for partial summary judgment on its cause of action for unjust enrichment.  We agree with the court that plaintiff did not meet its burden on the motion.  "A cause of action for unjust enrichment requires a showing that (1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff . . . The essence of such a cause of action is that one party is in possession of money or property that rightly belongs to another" (*Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 987-988).  Here, there is no evidence that defendant was paid by Onondaga County for the work that plaintiff allegedly performed, and there is thus no support for plaintiff's allegation that defendant was in any way unjustly enriched by such work.  The court erred, however, in granting defendants' cross motion for partial summary judgment dismissing that cause of action because it is well established that a " 'bona fide dispute' " concerning whether additional work is covered by a contract is sufficient to permit an unjust enrichment cause of action to proceed (*Tom Greenauer Dev., Inc. v Burke Bros. Constr., Inc.*, 74 AD3d 1747, 1748, quoting *Pulver Roofing Co., Inc. v SBLM Architects, P.C.*, 65 AD3d 826, 828).  We therefore further modify the order in appeal No. 1 accordingly.

Defendants contend in appeal No. 2 that the court erred in granting plaintiff's cross motion for leave to renew its motion for partial summary judgment at issue in appeal No. 1.  We note, however, that the court, upon granting leave to renew, adhered to its prior decision.  We thus agree with plaintiff that defendants are not aggrieved by the order in appeal No. 2 (*see Savino v DeLeyer*, 160 AD2d 989, 990-991).  We further conclude in appeal No. 2 that, contrary to plaintiff's contention on its appeal, the court upon renewal properly denied its motion for partial summary judgment with respect to the additional expenses sought.

Entered:  March 15, 2013                         Frances E. Cafarell
                                                 Clerk of the Court