# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**632**

**CA 12-01853**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

CANANDAIGUA EMERGENCY SQUAD, INC., PENFIELD
VOLUNTEER EMERGENCY AMBULANCE SERVICE, INC.,
NORTHEAST QUADRANT ADVANCED LIFE SUPPORT, INC.,
CHILI VOLUNTEER AMBULANCE SERVICE, INC., AND
VILLAGE OF MACEDON, PLAINTIFFS-APPELLANTS,

V              MEMORANDUM AND ORDER

ROCHESTER AREA HEALTH MAINTENANCE ORGANIZATION,
INC., DOING BUSINESS AS PREFERRED CARE AND MVP
HEALTH CARE, INC., DEFENDANTS-RESPONDENTS.

---

SCICCHITANO & PINSKY, PLLC, SYRACUSE (BRADLEY M. PINSKY OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

LECLAIR KORONA GIORDANO COLE LLP, ROCHESTER (LAURIE A. GIORDANO OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered June 4, 2012. The order, among other things, denied plaintiffs' motion for partial summary judgment and granted defendants' cross motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of defendants' cross motion for summary judgment dismissing the sixth and seventh causes of action against defendant Rochester Area Health Maintenance Organization, Inc., doing business as Preferred Care, and for summary judgment on the counterclaims and as modified the order is affirmed without costs.

Memorandum: Plaintiffs are various entities that provide emergency ambulance services to persons in and around Monroe County. Rochester Area Health Maintenance Organization, Inc., doing business as Preferred Care (defendant), served as a Medicare Advantage Organization under Medicare Part C. For purposes of this appeal, it is not disputed that defendant MVP Health Care, Inc. was entitled to summary judgment dismissing the complaint and that only defendant has a basis for asserting counterclaims. During the relevant time period, defendant remitted payments to plaintiffs for services provided to patients enrolled in the Medicare Advantage Plan administered by defendant. Plaintiffs commenced this action in response to defendant's subsequent reduction of payments made in order to recoup alleged overpayments made by defendant for services provided by

plaintiffs during the years 2007 and 2008.  Plaintiffs appeal from an order that denied their motion for partial summary judgment on liability and granted, as relevant to this appeal, that part of defendants' cross motion for summary judgment dismissing the complaint against defendant and for summary judgment on the counterclaims.  We conclude that Supreme Court erred in granting those parts of defendants' cross motion for summary judgment dismissing the sixth and seventh causes of action against defendant and for judgment on the counterclaims.  We therefore modify the order accordingly.

Addressing first the sixth cause of action, challenging defendant's right to recoup alleged overpayments, and the counterclaims for recoupment, we conclude that there are issues of fact whether defendant is entitled to recoup alleged overpayments made to plaintiffs for services provided to patients covered by the Medicare Advantage plan administered by defendant.  We agree with plaintiffs that the applicable Medicare fee schedule set a minimum payment, but not a maximum payment, for the services that plaintiffs provided (*see* 42 USC § 1395w-22 [a] [2] [A]).  On the one hand, if defendant had paid plaintiffs the minimum fees required by the applicable Medicare fee schedule, then plaintiffs would not be entitled to object to those payments as being insufficient (*see* 42 CFR 422.214 [a] [1]).  On the other hand, however, while defendant paid plaintiffs more than the minimum amount required by the fee schedule for a period of time, defendants have failed to establish that defendant is entitled as a matter of law to recoup any or all of those funds from plaintiffs.  Although the common law right of a governmental agency to recoup erroneously distributed public funds is well established (*see e.g. Matter of Leirer v Caputo*, 81 NY2d 455, 459-460; *Matter of Westledge Nursing Home v Axelrod*, 68 NY2d 862, 864-865), that right does not necessarily extend to defendant, a private entity managing public funds (*see generally Leirer*, 81 NY2d at 459-460).  Moreover, defendants have failed, on this record, to establish that defendant has a legal basis or right to recoup alleged overpayments made to plaintiffs.  The court therefore erred in granting those parts of defendants' cross motion for summary judgment dismissing the sixth cause of action against defendant and for summary judgment on the counterclaims for recoupment.

We also agree with plaintiffs that the court erred in granting that part of defendants' cross motion with respect to the seventh cause of action against defendant, for unjust enrichment.  " 'A cause of action for unjust enrichment requires a showing that (1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff' " (*Hayward Baker, Inc. v C.O. Falter Constr. Corp.*, 104 AD3d 1253, 1255; *see Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421, *remittitur amended* 31 NY2d 678, *rearg denied* 31 NY2d 709, *cert denied* 414 US 829).  " 'The essence of such a cause of action is that one party is in possession of money or property that rightly belongs to another' " (*Hayward Baker, Inc.*, 104 AD3d at 1255).  There are issues of fact with respect to whether defendant's recoupment of funds previously paid to plaintiffs constitutes unjust enrichment.

We have examined plaintiffs' remaining contentions and conclude that they lack merit.