# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1427**
**CA 15-01023**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

STEVEN MUELLER MOTORS, INC.,
PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

TONYA HICKEY AND FRED LAURY,
DEFENDANTS-RESPONDENTS.

---

COMARDO LAW FIRM, P.C., AUBURN (JUSTIN T. HUFFMAN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

FRANCIS E. MALONEY, JR., SYRACUSE, FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Cayuga County (Thomas
G. Leone, A.J.), entered September 10, 2014. The order denied the
motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this lawsuit asserting causes of
action for breach of contract and replevin arising from plaintiff's
sale of a motor vehicle to defendants. Plaintiff moved for summary
judgment seeking the relief demanded in its complaint as well as
dismissal of defendants' counterclaim for fraud. Contrary to
plaintiff's contention, Supreme Court properly denied the motion.

Initially, we conclude that plaintiff failed to meet its burden
on that part of the motion seeking summary judgment dismissing the
counterclaim for fraud. Defendants' counterclaim "allege[d] the basic
facts to establish the elements" of a cause of action for fraud
(*Sargiss v Magarelli*, 12 NY3d 527, 531 [internal quotation marks
omitted]; *see Heckl v Walsh* [appeal No. 2], 122 AD3d 1252, 1255; *see
also Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178), and
plaintiff's submissions on the motion failed to eliminate all triable
issues of fact with respect thereto (*see Widewaters Herkimer Co., LLC
v Aiello*, 28 AD3d 1107, 1108; *cf. MS Partnership v Wal-Mart Stores,
Inc.*, 2 AD3d 1482, 1483). "Failure to make such showing requires
denial of the motion, regardless of the sufficiency of the opposing
papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Contrary to plaintiff's further contention, the court properly
denied that part of the motion seeking the relief demanded in the
complaint. Plaintiff failed to meet its burden on that part of the

motion concerning the replevin cause of action inasmuch as the evidence submitted in support of the motion failed to eliminate all "triable issues of fact . . . whether the plaintiff has a possessory right to the" vehicle at issue (*Bugarsky v Marcantonio*, 254 AD2d 384, 384; *see generally Winegrad*, 64 NY2d at 853). Furthermore, although plaintiff met its initial burden on that part of the motion concerning the breach of contract cause of action (*see generally Resetarits Const. Corp. v Elizabeth Pierce Olmsted, M.D. Center for the Visually Impaired* [appeal No. 2], 118 AD3d 1454, 1455; *Polyfusion Electronics, Inc. v AirSep Corp.*, 30 AD3d 984, 985), defendants raised a triable issue of fact whether plaintiff violated Vehicle and Traffic Law § 417, which would entitle them to, inter alia, rescission of the contract of sale (*see generally Pinelli v De Paula Chevrolet*, 101 AD2d 643, 644; *Rayhn v Martin Nemer Volkswagen Corp.*, 77 AD2d 394, 396-397, *appeal dismissed* 53 NY2d 796).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court