Omar v Moore (2021 NY Slip Op 04471)





Omar v Moore


2021 NY Slip Op 04471


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1143 CA 20-00270

[*1]NASIR MUZAID OMAR, PLAINTIFF-APPELLANT,
v
MICHAEL MOORE, II, NU-ERA HOME IMPROVEMENT, DEFENDANTS, AND SADEQ AHMED, ALSO KNOWN AS SADEQ AHMED ALSHAMARI, DEFENDANT-RESPONDENT. 






VANDETTE PENBERTHY LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
PHILLIPS LYTLE LLP, BUFFALO (SEAN C. MCPHEE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered November 18, 2019. The judgment adjudged that plaintiff "shall recover nothing from defendant" Sadeq Ahmed, also known as Sadeq Ahmed Alshamari. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion for summary judgment is denied and the third cause of action is reinstated.
Memorandum: Plaintiff commenced this action seeking to recover damages for, inter alia, breach of contract, negligence, and unjust enrichment arising from the unsatisfactory performance of construction work on his residence. Defendant Nu-Era Home Improvement (Nu-Era) and Sadeq Ahmed, also known as Sadeq Ahmed Alshamari (defendant), filed a pre-answer motion to dismiss the amended complaint against them in its entirety, and Supreme Court issued an order that, inter alia, denied the motion to dismiss insofar as it sought dismissal of the breach of contract, negligence, and unjust enrichment causes of action. This Court, on a prior appeal, modified that order by granting those parts of the motion seeking to dismiss against Nu-Era and defendant the first and second causes of action, alleging breach of contract and negligence, respectively, and affirmed the order insofar as it denied that part of the motion seeking to dismiss the third cause of action, alleging unjust enrichment against defendant (Omar v Moore, 171 AD3d 1533, 1533-1534 [4th Dept 2019]). After discovery, plaintiff discontinued the action against defendant Michael Moore, II, and defendant moved for summary judgment dismissing the third cause of action, i.e., the sole remaining cause of action. The court, inter alia, granted that motion, and plaintiff now appeals.
We agree with plaintiff that the court erred in granting defendant's motion. It is well established that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "This burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013] [internal quotation marks omitted]), "and every available inference must be drawn in the [non-moving party's] favor" (De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]; see Palumbo v Bristol-Myers Squibb Co., 158 AD3d 1182, 1183-1184 [4th Dept 2018]). "The moving party's '[f]ailure to make [a] prima facie showing [of entitlement to summary judgment] requires a denial of the motion, regardless of the sufficiency of the opposing papers' " (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012], quoting Alvarez, 68 NY2d at 324).
Here, we conclude that defendant failed to meet his initial burden on his motion. A cause of action for unjust enrichment requires a showing that the defendant was enriched at the expense of the plaintiff and that it would be inequitable for the defendant to retain the benefit provided by the plaintiff (see Canandaigua Emergency Squad, Inc. v Rochester Area Health Maintenance Org., Inc., 108 AD3d 1181, 1183 [4th Dept 2013]). Defendant, in support of his motion, submitted, inter alia, Moore's responses to a notice to admit. Therein, Moore admitted, inter alia, that he received from plaintiff a total of $40,000, that defendant did not accept any of that money, and that the written contract that Moore entered into with plaintiff covered the subject matter underlying the third cause of action. Even assuming, arguendo, that the notice to admit did not improperly seek to "compel[ ] admission of fundamental and material issues or ultimate facts that [could] only be resolved after a full trial" (Meadowbrook-Richman, Inc. v Cicchiello, 273 AD2d 6, 6 [1st Dept 2000]; see 126 Newton St., LLC v Allbrand Commercial Windows & Doors, Inc., 121 AD3d 651, 654 [2d Dept 2014]; see also CPLR 3123), those responses did not, in light of defendant's other submissions on his motion, eliminate all triable issues of fact with regard to the third cause of action (see generally Steven Mueller Motors, Inc. v Hickey, 134 AD3d 1467, 1467-1468 [4th Dept 2015]). Defendant's other submissions included plaintiff's deposition testimony, wherein plaintiff testified that defendant "insist[ed]" on completing the renovations at plaintiff's residence, and that plaintiff paid defendant for the work to be performed. Plaintiff also testified that defendant promised plaintiff that he would finish the work on plaintiff's house after either defendant or his workers caused damage to the residence by leaving a door open. Thus, plaintiff's deposition testimony raises triable issues of fact whether defendant accepted money from plaintiff for work to be performed at plaintiff's residence and whether defendant performed the work (see generally Britton v Diprima, 71 AD3d 1560, 1561 [4th Dept 2010]).
Contrary to defendant's assertion, he did not meet his initial burden on his motion through his reliance on our determination on the prior appeal regarding the existence of a written contract between plaintiff and Moore (see Omar, 171 AD3d at 1533-1534). Although the existence of a written contract generally precludes recovery in quasi contract for events arising out of that subject matter (see Ahlers v Ecovation, Inc., 151 AD3d 1920, 1921 [4th Dept 2017]; see also Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]), this Court did not address in our prior decision the validity of the contract or its applicability to the subject dispute between plaintiff and defendant (see Omar, 171 AD3d at 1533-1534). Moreover, in that regard, plaintiff's deposition testimony raises a question of fact whether defendant procured the contract between plaintiff and Moore by fraud. Specifically, plaintiff testified that he had a verbal agreement with defendant for the work to be completed at his residence, that plaintiff was not able to read English, and that plaintiff relied on defendant's translation of written documents from English to Arabic. Inasmuch as there is a bona fide dispute as to the application of the contract in question and whether the existing contract was procured by fraud (see Hayward Baker, Inc. v C.O. Falter Constr. Corp., 104 AD3d 1253, 1255 [4th Dept 2013]), the existence of the contract between plaintiff and Moore does not prevent plaintiff from proceeding against defendant upon a theory of recovery in quasi contract (see Gordon v Oster, 36 AD3d 525, 525 [1st Dept 2007]), and plaintiff was not required to elect his remedy (see Fisher v A.W. Miller Tech. Sales, 306 AD2d 829, 831-832 [4th Dept 2003]).
In any event, plaintiff raised a triable issue of fact in opposition to defendant's motion sufficient to defeat summary judgment (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff's submissions, which included defendant's deposition testimony and the affidavits of three witnesses, established, inter alia, that defendant and Moore worked together and had a construction company, Nu-Era, that defendant and Moore went to plaintiff's residence together several times to look at the work to be performed, and that defendant met with plaintiff at defendant's office. Thus, the evidence submitted by plaintiff in opposition to defendant's motion raises triable issues of fact whether defendant aided Moore in procuring plaintiff's signature on the contract and whether defendant obtained money from plaintiff for work to be performed at his residence.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court