Milherst Constr., Inc. v Natale Bldg. Corp. (2023 NY Slip Op 04051)

Milherst Constr., Inc. v Natale Bldg. Corp.

2023 NY Slip Op 04051

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, AND OGDEN, JJ.

506 CA 22-00888

[*1]MILHERST CONSTRUCTION, INC., PLAINTIFF-APPELLANT,
v
NATALE BUILDING CORP., NATALE DEVELOPMENT LLC, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

BOND SCHOENECK & KING, PLLC, BUFFALO (MITCHELL J. BANAS, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
THE KNOER GROUP, PLLC, BUFFALO (COLIN M. KNOER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered April 1, 2022. The order, insofar as appealed from, granted that part of the motion of defendants Natale Building Corp. and Natale Development LLC for summary judgment dismissing the third cause of action. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety and the third cause of action is reinstated.
Memorandum: Plaintiff appeals from an order insofar as it granted the motion of Natale Building Corp. and Natale Development LLC (defendants) to the extent that the motion sought summary judgment dismissing plaintiff's third cause of action. Plaintiff and defendants entered into a contract for infrastructure construction, including sewer systems, on property owned by defendants. Plaintiff commenced this action seeking, inter alia, to foreclose on a mechanic's lien, and defendants moved for summary judgment dismissing the amended complaint. At issue on appeal are several change orders submitted by plaintiff and disputed by defendants. As relevant here, plaintiff alleges in its third cause of action that defendants were unjustly enriched in the sum of approximately $234,000 by reason of improvements to the property made by plaintiff for which they refused to pay. Supreme Court dismissed the third cause of action, holding that it was duplicative of plaintiff's cause of action for breach of contract.
Plaintiff contends that the court erred in granting the motion with respect to the third cause of action because there is a dispute whether the contract covered the "extra" work for which plaintiff seeks to be paid and, in the event that the work is not covered by the contract, it is entitled to proceed under the alternative theory of unjust enrichment. We agree with plaintiff. It is well established that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "This burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013] [internal quotation marks omitted]), "and every available inference must be drawn in the [non-moving party's] favor" (De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]; see Palumbo v Bristol-Myers Squibb Co., 158 AD3d 1182, 1183-1184 [4th Dept 2018]).
Here, we conclude that defendants failed to meet their initial burden on their motion. A cause of action for unjust enrichment requires a showing that the defendant was enriched at the [*2]expense of the plaintiff and that it would be inequitable for the defendant to retain the benefit provided by the plaintiff (see Omar v Moore, 196 AD3d 1182, 1183-1184 [4th Dept 2021]; Canandaigua Emergency Squad, Inc. v Rochester Area Health Maintenance Org., Inc., 108 AD3d 1181, 1183 [4th Dept 2013]). Although "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]), "a bona fide dispute concerning whether additional work is covered by a contract is sufficient to permit an unjust enrichment cause of action to proceed" (Hayward Baker, Inc. v C.O. Falter Constr. Corp., 104 AD3d 1253, 1255 [4th Dept 2013] [internal quotation marks omitted]). Defendants, in support of their motion, submitted an affidavit from their principal that raises questions of fact whether the "extra work" was covered by the contract and, thus, defendants are not entitled to summary judgment dismissing the cause of action for unjust enrichment (see Omar, 196 AD3d at 1183-1184; Canandaigua Emergency Squad, Inc., 108 AD3d at 1183; Hayward Baker, Inc., 104 AD3d at 1255). Defendants' "failure to make [a] prima facie showing [of entitlement to summary judgment] requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Alvarez, 68 NY2d at 324; see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court