University Hill Realty, Ltd. v Akl
2026 NY Slip Op 03561
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

UNIVERSITY HILL REALTY, LTD., PLAINTIFF-APPELLANT,
v
RONDA AKL AND ROSETTE AKSTEROWICZ, AS TRUSTEES OF THE MILAD HATEM IRREVOCABLE TRUST UNDER AGREEMENT DATED JANUARY 14, 2015, AND THE MILAD HATEM IRREVOCABLE TRUST UNDER AGREEMENT DATED JANUARY 14, 2015, DEFENDANTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
305 CA 25-00824
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

HANCOCK & ESTABROOK, LLP, SYRACUSE (ALAN J. PIERCE OF COUNSEL), FOR PLAINTIFF-APPELLANT.
ABRAHAM LAW, PLLC, SYRACUSE (IMAN ABRAHAM OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered November 26, 2024, in a breach of contract and unjust enrichment action. The order, insofar as appealed from, granted the motion of defendants for summary judgment dismissing plaintiff's complaint and dismissed the complaint.
[*1]
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this breach of contract and unjust enrichment action, alleging that it is entitled to a real estate broker's commission based on, inter alia, an implied extension of a brokerage contract between it and defendants. As limited by its brief, plaintiff appeals from an order insofar as it granted defendants' motion for summary judgment dismissing the complaint. We agree with plaintiff that Supreme Court erred in granting the motion, and we therefore reverse the order insofar as appealed from.
We conclude with respect to the cause of action for breach of implied contract that defendants failed to meet their initial burden of establishing that the parties did not have an implied-in-fact contract. An implied-in-fact contract is "[a] contract that the parties presumably intended as their tacit understanding, as inferred from their conduct and other circumstances" (Black's Law Dictionary 409 [12th ed 2024]). "Whether an implied-in-fact contract was formed and, if so, the extent of its terms, involves factual issues regarding the intent of the parties and the surrounding circumstances" (Arell's Fine Jewelers v Honeywell, Inc., 147 AD2d 922, 923 [4th Dept 1989]; see Rocky Point Props. v Sear-Brown Group, 295 AD2d 911, 912 [4th Dept 2002]). In an action to recover a broker's commission under a theory of an implied contract, "the contract may be established in some cases by the mere acceptance of the labors of a broker" (Joseph P. Day Realty Corp. v Chera, 308 AD2d 148, 152 [1st Dept 2003] [internal quotation marks omitted]). Here, defendants submitted, inter alia, text messages between defendant Rosette Aksterowicz and plaintiff's broker, which show that the two continued to discuss offers coming in after the expiration of the 12-month grace period provided for in the brokerage contract, thereby creating a question of fact whether an implied-in-fact contract existed (see Joseph P. Day Realty Corp., 308 AD2d at 152). We further conclude that defendants failed to meet their initial burden on their motion with respect to the cause of action for unjust enrichment (see Milherst Constr., Inc. v Natale Bldg. Corp., 218 AD3d 1310, 1311-1312 [4th Dept 2023]). Defendants' "[f]ailure to make [a] prima facie showing [of entitlement to summary judgment] requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [*2][2012]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court